## Jackson's Executors *versus* Lloyd.

*Liability of Garnishee for Interest.—Interest on attached Note when suspended, how ascertained.—Amendment by striking off Name of Co-defendant.*

1. As in foreign, so in execution attachment, interest on a debt due by the garnishee to his creditor as whose property it was attached, is suspended during the pendency of the proceedings, if there be no fraud, collusion, or wilful delay on the part of the defendant or garnishee.

2. Where the money attached was due on a note not in the name of the payee, the attachment would nevertheless bind it, so far as regards the garnishee, and suspend interest while pending.

3. If the fund attached exceed the amount of the attaching judgment, interest is not chargeable from the maturity of the note to the time of the settlement of the attachment, on so much as was necessary to pay it, but only on the unappropriated balance.

4. Where suit is brought on a note under seal against the executors of the principal debtor, deceased, and his two sureties, the record may be amended on the trial, by striking off the names of the sureties.

ERROR to the Common Pleas of *Westmoreland county.*

Action of debt by David Lloyd against Richard H. Jackson, George R. Jackson, and Richard Jackson, executors of John Jackson, deceased, James R. Dougherty, and James R. Porter, Sr.

The plaintiff's claim was founded on a note under seal, dated 18th May 1857, for $1751.75, signed by John Jackson, James R. Dougherty, and James R. Porter; before suit brought, John Jackson died, and letters testamentary were issued to Richard H. Jackson, George R. Jackson, and Richard Jackson, his executors. This suit was then instituted as above stated. On the trial, and without the consent of the executors of John Jackson, the court amended the record by striking off the names of James R. Dougherty and James R. Porter, as defendants.

The defendants claimed on the trial, as a defence to the payment of a portion of the interest on the note in suit, that they were restrained and prohibited from the payment of the greater part of the principal, by virtue of certain attachment executions issued by Woods, Bacon & Co. *v.* G. W. Lloyd and Richard S. Jackson, under which the note in suit was attached while in the hands of John Jackson.

After giving in evidence the facts above stated, the defendants requested the court to charge the jury that there can be no recovery in this action because:—

1. The executors of Jackson could not be sued until after action brought against Porter and Dougherty, the survivors.

2. The executors of John Jackson were the survivors of Porter and Dougherty, and could not be joined in a joint action.

3. Pending the attachments the interest was suspended for

the amount of the judgment of Wood, Bacon & Co. *v.* George W. Lloyd, including interest and cost on same.

These points were all answered in the negative, and there was accordingly a verdict and judgment for the plaintiff. This writ was then sued out by defendants, for whom the following errors were assigned :—

1. The court erred in amending the record by striking out the names of James R. Dougherty and James R. Porter, Sr., defendants.

2. The court erred in not answering defendants' first, second, and third points in the affirmative.

*H. P. Laird* and *H. C. Marchand*, for plaintiff in error.

*Cowan*, for defendants.

The opinion of the court was delivered, November 3d 1862, by
READ, J.—The court were clearly right, as the record stands before us, in allowing the same to be amended by striking off the names of James R. Dougherty and James R. Porter, as defendants, and this leaves only the fourth specification of error for our consideration.

The general rule in foreign attachment in Pennsylvania has been that interest on a debt due by the garnishee to his creditor, as whose property it was attached, is suspended during the pendency of the proceedings. This was laid down in Fitzgerald *v.* Caldwell, 2 Dall. 215, and fully approved in Mackey *v.* Hodgsen, 9 Barr 468, fifty-five years afterwards. In the first case Chief Justice McKean says : " But it is said by the plaintiff's counsel, and I assent to the proposition, that if there is any fraud or collusion ; nay, if there is any unreasonable delay occasioned by the conduct of the garnishee himself, such cases will form exceptions to the general rule. In the present instance, however, there is no proof of fraud or collusion, nor of any wilful procrastination on the part of the garnishee ; and fraud can never be presumed. And in the second case (which was like the present one), where the foreign attachment was against David Mackey, and the moneys attached were due on obligations in the name of Mary Mackey, Judge Rogers said : ' He' (the garnishee) ' is brought into court by compulsion, and should not suffer for doing what the law enjoins. If the defendant in the attachment has any remedy, it is against the plaintiff in the foreign attachment ; for the debtor is not bound to pay at the peril of being again compelled to discharge the same debt,' of what consequence was it whether Mary or David Mackey was the owner of the debt ? It was enough for the defendant that he was pre-

vented from paying the debt by the pendency of the attachment, and that he acted in good faith."

In Updegraff *v.* Spring, 11 S. & R. 190, Chief Justice Tilghman says: "It was decided in the case of Fitzgerald *v.* Caldwell, 2 Dall. 215, 1 Yeates 274, that the garnishee in a foreign attachment, conducting himself *with good faith,* is not liable to the payment of interest during the time the attachment was depending."

An attachment execution has, by the Act of Assembly, and by our decisions and practice, been strictly assimilated to the proceeding by foreign attachment, as to the debt attached, and it has the same binding and controlling force which its prototype has. It reaches money of the defendant received by the garnishee after its service (Sheetz *v.* Hobensack, 8 Harris 412), a much stronger instance of its power than the mere suspension of interest during its pendency, which would be supposed to be the natural effect of a proceeding which positively prohibits the payment of the principal during its continuance. It is clear that whatever is the rule on this point in Pennsylvania in foreign attachment, is the rule in attachment execution.

In this case the note of the testator was dated 16th May 1857, and was under seal, and payable at one year with interest from date. Upon a judgment obtained by Wood, Bacon & Co. against George W. Lloyd and William S. Jackson, on the 30th May 1857, an attachment execution was issued on the 1st June of that year, and on the next day the sheriff returned attached and John Jackson summoned as garnishee. An error having occurred in the description of the debt to be attached, another attachment execution was issued on the same judgment on the 2d July in the same year. The *præcipe* for the writ directed the sheriff to levy and attach a debt, owing by John Jackson to George W. Lloyd, amounting to $1751.25, and for which he gave a note dated 16th May 1857, or about that time, to David Lloyd with J. R. Porter and James R. Dougherty as his securities, which said sum is *bonâ fide* the property of said George W. Lloyd, and summon him the said John Jackson, J. R. Porter, and James R. Dougherty as garnishees. On the same day the sheriff returns attached, &c., and John Jackson summoned as garnishee. On the 30th May 1861 both these attachment executions were discontinued.

Now the evidence in the cause consisted, on the part of the plaintiff, of the note, and on the part of the defendant of the proceedings on the judgment and attachment executions which we have just stated. There was no evidence offered by the plaintiff to show fraud or collusion on the part of the defendants in these proceedings, nor to show any unreasonable delay occasioned by the conduct of the garnishee himself, or that he did

not conduct himself with good faith; nor does it appear that in the court below there was any other question on this branch of the case, except the general rule that the attachment execution suspended the interest which the court decided against what appears to be the clear result of the authorities. The case in 9 Barr settles the question that this attachment execution bound the note (although not in the name of the payee), so far as regards the garnishee.

Now George was the brother of David, and the plaintiffs were, it is true, the creditors of George, but they alleged it was the property of George and not of David, and it might very well have been the interest of both the brothers not to bring this to a trial; at all events, neither of them took any step whatever to hasten the decision of this execution.

Now, until the 16th May 1858, this note of the testator was not due, and the plaintiff was not bound to receive payment of it, and as it was payable with interest, and the attaching judgment did not cover the whole amount of the note, interest did not stop until the note fell due. From that period until the discontinuances, interest would not be chargeable on so much as would have been necessary to pay the attachment execution. No suit was ever commenced by the plaintiff until the 2d September 1861, two months after the attachments were discontinued, strong presumptive evidence that he had been waiting their determination. There appears to have been no allegation in the court below that the garnishee did not do his duty, and the argument of the defendants in error proceeds upon the ground that the attachment execution was a nullity, and that the plaintiff in error, the garnishee, was bound to disregard it. This is clearly not the law.

The interest should be ascertained on the principle stated in Sickman v. Lapsley, 13 S. & R. 226, as modified by the Act of 1836, and correctly laid down in Mackey v. Hodgson, 9 Barr 468, by Justice Rogers.

> Judgment reversed for so much as the interest on the judgment of Wood, Bacon & Co. would amount to from the 16th May 1858 to the 30th May 1861, to be ascertained by the court below, and judgment to remain for the residue of the verdict upon which judgment was entered.