## RIFFLE v. HUSTEAD et al.

### In re SEMANS.

(Circuit Court of Appeals, Third Circuit. May 26, 1925. Rehearing Denied June 30, 1925.)

No. 3080.

Interest ⬤⟳49—Under law of Pennsylvania, interest not recoverable after sale on execution.

Under Act Pa. 1700, § 2 ('1 Smith's Laws 7; Pa. St. 1920, § 12783; Purdon's Dig. [13th Ed.] p. 2041), providing that lawful interest shall be allowed on a judgment till time of sale or till satisfaction, where land was sold on a judgment, realizing more than sufficient to pay it, interest thereon stopped on the date of sale, as through fault of the judgment creditor and other lienholders an audit became necessary, causing delay before the money was paid over.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

In the matter of Isaac W. Semans, bankrupt. Mary L. Riffle appeals from an order of the District Court in favor of Albert M. Hustead and others. Affirmed.

Sterling, Higbee & Matthews, of Uniontown, Pa. (E. C. Higbee, of Uniontown, Pa., of counsel), for appellant.

Shelby, Henderson & Hackney, of Uniontown, Pa. (S. Ray Shelby, of Uniontown, Pa., of counsel), for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

RELLSTAB, District Judge. In the estate of Isaac W. Semans, bankrupt, Mary L. Riffle, the appellant here, filed her claim for $51,684.45, of which $4,193.63 was interest to May 27, 1917, the date of filing the petition against the bankrupt. This claim was allowed. It was based on a judgment obtained by her in the court of common pleas of Fayette county, in the state of Pennsylvania, at the December term, 1915, against I. W. Semans, J. V. Thompson, and J. M. Hustead, on certain promissory notes signed by them as follows: I. W. Semans, principal, J. M. Hustead, surety, and J. V. Thompson, surety. An exemplification of the record of this judgment was filed in the court of common pleas of Greene county, in that state, at the March term, 1916, in which county lands of Hustead were situate.

The judgment became a lien upon lands of Semans and Hustead, and as against those of Semans it (as subsequently determined) was secured to the extent of two-thirds of its amount. On July 16, 1921, lands of Hustead were sold on execution issued on this judgment. Previous to the sale, the amount due on the Riffle judgment had been reduced by payments made by the estates of Semans and Thompson, the latter also having become bankrupt. On July 28, 1921, another payment was made on the judgment by the Semans estate. The sale of the Hustead lands realized more than sufficient to pay all the remainder due on the Riffle judgment, including interest calculated to the day of sale. However, this remainder was not paid until March 20, 1922, the entire proceeds of sale continuing in the hands of the sheriff bearing no interest.

The delay in payment was due to the filing of exceptions to the sheriff's proposed schedule of distribution which was based on the list of liens certified to him by the prothonotary. These exceptions were filed by the appellees (who had become the owners of the Hustead lands subsequent to the entry of the Riffle judgment), Mary L. Riffle and other lien creditors. The reasons for the exceptions and the audit that followed were the failure by some of the lienholders, including Mary L. Riffle, to note on the record certain payments made on account of their respective liens, some of which had been paid in full. The auditor's report was confirmed on March 20, 1922, on which date there was paid to Mary L. Riffle the sum of $29,700.67, being the amount of her judgment as it stood, principal and interest, on the date of the sale of the Hustead lands, less the payment obtained from the Semans estate on July 28, 1921.

In the further course of the administration of the Semans estate an additional distribution of $5,163.44, arising from the sale of the bankrupt's real estate, was allowed on the Riffle claim. The present controversy relates to the disposition of $1,207.83 of this amount. The referee allowed Mary L. Riffle's claim to this latter sum, while the District Court allowed the entire amount to the appellees in right of subrogation. The sum in dispute represents the interest on the $29,700.67 paid on the Riffle judgment out of the proceeds of the sale of the Hustead lands, from the date of this sale, viz. July 16, 1921, to March 20, 1922, the time when it was actually paid.

In substance, the learned referee, relying on Baker v. Exchange Bank, 24 Pa. 391, held that, as there were sufficient funds available in the combined estates of her

debtors, Mary L. Riffle was entitled to all of her debt, with interest until it was paid, and that as the payment from the Hustead lands did not include interest from the date of sale to the date of payment, she had not received her debt in full, and that she was entitled to the unpaid interest out of the Semans estate. The learned District Judge distinguished the instant case from the Exchange Bank Case, and considered that the creditor was seeking to avoid the rule of the Pennsylvania statute, presently to be set forth, and that under this statute and the decisions of the Pennsylvania courts, the Riffle judgment, so far as the plaintiff in execution was concerned, was paid in full when the amount of the debt with interest to the time of sale, was paid to the sheriff.

The statute referred to reads as follows: "Lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained till the time of sale or till satisfaction be made." Section 2 of the Act of 1700 (Purdon's Digest [13th Ed.] vol. 2, p. 2041 [Pa. St. 1920, § 12783]).

Counsel for the appellant admitted here, as they did before the referee and the District Court, that as against the Husteads no further sum was collectible on the judgment. As the appellees' grantor was only a surety on the notes underlying the judgment, and therefore only secondarily liable, they, on the payment of the judgment in full, would be entitled to be subrogated to the rights of the appellant against Semans, the principal debtor.

The controlling question, therefore, is: Did the sale of the sureties' property, inasmuch as the proceeds thereof were sufficient to pay fully the creditor's claim as it stood at that time, stop the running of interest against the principal debtor, even though the money was not paid until some months thereafter?

If, at the time of the sheriff's sale, the purchase money had been paid forthwith, and the amount due on the Riffle judgment had then been paid to her, the present controversy could not have arisen. However, this was not done and in the ordinary course of judicial sales is not done, or expected. Some delay in payment is usual, and is inherent in that kind of settlements. Under the statute in question, where the proceeds of sale are sufficient to pay principal and interest to date of sale, there is no further obligation on the debtor's part to make any further payment of interest on that debt,

unless the delay in paying such proceeds is unusual and is occasioned by the debtor. Strohecker v. Farmers' Bank, 6 Watts (Pa.) 96; Jackson's Executors v. Lloyd, 44 Pa. 82; Bachdell's Appeal, 56 Pa. 386, 389; Watson v. McManus, 223 Pa. 583, 72 A. 1066.

In the instant case there was considerable delay in paying the Riffle judgment, notwithstanding that the amount bid on the sale was more than enough to settle that claim. However, this delay was not caused by or chargeable to the appellees. It was due primarily to the failure of several lien creditors, including Mary L. Riffle, to credit the amount of payments previously made on such liens on the court records, or on the list of liens certified to the sheriff. As this list provided for payments in excess of the amounts really due on the liens, some of which as noted had been fully paid, the appellees were justified in filing their exceptions to prevent the payments thus called for, and to insist upon an audit of the liens before actual distribution. Counsel for appellant admit that there was no unusual or unnecessary delay in making the audit and the distribution based thereon.

As the Riffle judgment, as certified to the sheriff for payment, was for a larger amount than was due—none of the payments obtained from the Semans and Thompson estates having been noted on the record—as between her and the appellees, she, and not they, was chargeable with the extra delay that ensued in making a proper distribution. In Baker v. Exchange Bank, 24 Pa. 391, supra, mainly relied upon by the appellant, there was an interval of more than three years between the date of the sale and the confirmation of the auditor's report on appeal. The record and opinion in that case are quite brief, and it does not appear at whose instance, or why the exceptions to the auditor's report were filed, or the appeal from its confirmation was taken, or what the occasion, or who was responsible, for the long delay before the money was paid to the judgment creditor, the last payment being more than a year after the appeal was decided; but it is apparent that there were more than the ordinary delays attending the distribution of the proceeds of sale, and there is a strong inference, of course, that the delays were not chargeable to the judgment creditor.

Neither the Exchange Bank Case nor that of Carlisle Bank v. Barnett, 3 Watts & S. 248, therein relied upon, presents the par-

ticular features of the instant case which we think controlling, viz. that the failure of the appellant to credit on her judgment, payments made on account thereof, joined with a like failure on the part of other lien creditors, was the primary cause for her failure to obtain payment of her judgment, within the period which ordinarily must elapse between the time of sale and the distribution of the moneys realized.

As the appellees were not chargeable with the delay that actually ensued before payment was made, and as Mary L. Riffle, as well as other lien creditors, were, she is not entitled to the interest claimed.

The judgment of the District Court is affirmed.