# Watson v. McManus, Appellant.

*Judgment—Interest on judgment—Injunction—Appeal.*

1. Interest is a legal incident of every judgment.

2. Judgments bear interest from the time obtained until time of sale or until satisfaction be made.   Interest is as distinctly a substantive part of the debt as if the obligation to pay it was founded on a contract for interest.

*Judgment—Interest on judgment—Payment into court.*

3. A defendant in a judgment can relieve himself of any obligation for interest by paying the amount of the judgment into court.

*Judgment—Interest on judgment—Stopping of payment of principal.*

4. The statutory provision for interest on a judgment should not be

extended to require payment of interest to one at whose instance the payment of the principal has been stopped.

*Judgment—Order of court not to pay.*

5. A debtor directed not to pay a judgment by order of court cannot be said to be in default but rather to be in the position of one who has made a tender.

6. Where a defendant in a judgment takes an appeal which fails and in the meantime an assignee of the plaintiff claims the fund in the defendant's hand, interest runs on the judgment from the date of its entry, and the defendant can only stop the running of interest by the payment of the money into court in proper proceedings taken therefor. If, however, the claimant of the fund by a bill in equity enjoins the defendant from paying the amount of the judgment to the plaintiff, interest will cease to run from the date of the award of the injunction. In such a case the rights of the parties are not affected by the fact that an injunction was not actually issued and served, if the defendant had knowledge of the order awarding the injunction, and observed it without compulsion.

Argued Jan. 11, 1909. Appeals, Nos. 248 and 317, Jan. T., 1908, by plaintiff and defendant, from decree of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 4,416, on bill and cross bill in case of James V. Watson v. Michael McManus, Defendant, and the City of Philadelphia, John M. Walton, Controller of the City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to restrain the collection of payment of a judgment. Before BRÉGY, P. J.

The questions involved are stated in the opinion of the Supreme Court.

The court below entered the following decree:

And now, June 29, 1908, the rule of June 2, 1908, to show cause why a final decree commanding and directing the said Michael McManus, one of the defendants herein, or his attorney, to mark to the use of James V. Watson, the judgment in the suit of Michael McManus v. The City of Philadelphia, in the court of common pleas No. 1, of December Term, 1898, No. 547, having been made absolute, it is ordered, adjudged and decreed as follows:

1. That the said Michael McManus, defendant herein, within

five days from the date of this decree mark to the use of James V. Watson, plaintiff herein, the judgment in the suit of Michael McManus v. The City of Philadelphia, in the court of common pleas No. 1, of December Term 1898, No. 547.

2. That in default of said Michael McManus so marking said judgment to the use of said James V. Watson as above directed, the prothonotary is hereby ordered and directed to mark said judgment to the use of said James V. Watson.

3. That upon the marking of said judgment to the use of said James V. Watson, he, the said James V. Watson, have full power and authority to enforce payment of the same, provided, nevertheless, that interest on said judgment of Michael McManus v. The City of Philadelphia, court of common pleas No. 1, of December Term, 1898, No. 547, is to be calculated and to run only from the date of the filing of the referee's report in said suit, namely, February 2, 1904, to the date of the awarding of the injunction against the city of Philadelphia in this suit, namely, January 15, 1907, unless otherwise ordered by the court.

*Errors assigned* were as follows:

1. The third paragraph of the decree, quoting it.

2. In awarding and entering the decree that interest on the judgment of Michael McManus v. City of Philadelphia, court of common pleas No. 1, of December Term, 1898, No. 547, should be calculated and run to January 15, 1907.

3. In not entering a decree that interest on the judgment of Michael McManus v. City of Philadelphia, court of common pleas No. 1, of December Term, 1898, No. 547, should be calculated and run only from the date of the filing of the referee's report in said suit, namely, February 2, 1904, to the date of filing the bill in equity and the issuing of the injunction in this suit restraining the said Michael McManus from collecting the said judgment from the city of Philadelphia.

4. In authorizing the said James V. Watson to collect any interest upon the said judgment of Michael McManus against the city of Philadelphia, pending the litigation between the said James V. Watson and the said Michael McManus to deter-

mine who was entitled to be paid by the said city of Philadelphia.

*John G. Johnson,* with him *Geo. R. Van Dusen,* for James V. Watson, appellant and appellee.—Wherever one retains the money belonging to another, the legal compensation for the use of the money shall be charged and allowed: Crawford v. Willing, 4 Dall. 286.

Mere readiness to pay a debt will not excuse the payment of interest: Hummel v. Brown, 24 Pa. 310.

*James Alcorn,* assistant city solicitor, with him *Harry T. Kingston* and *J. Howard Gendell,* city solicitor, for city of Philadelphia, appellant and appellee.—It is settled law that in the case of an interpleader, the stakeholder is not chargeable with interest pending the proceedings: Barnes v. Bamberger, 196 Pa. 123; Mackey v. Hodgson, 9 Pa. 468; Irwin v. R. R. Co., 43 Pa. 488; Rushton v. Rowe, 64 Pa. 63; Stewart v. Stocker, 13 S. & R. 199.

The payment of money into court is not a factor in determining whether interest is chargeable. It is only because the defendant is in default and refuses to pay, or delays payment, that interest attaches. When by the process of the law he is prevented from paying, he is not in default and is not liable for interest. It matters not whether he pays the money into court or keeps it: Irwin v. R. R. Co., 43 Pa. 488; Barnes v. Bamberger, 196 Pa. 123; McManus v. Philadelphia, 211 Pa. 394.

OPINION BY MR. JUSTICE FELL, March 1, 1909:

These are cross appeals and may be considered together. That of the city of Philadelphia, relates to its liability for interest on a judgment against it after the date of a decree in another proceeding enjoining the plaintiff in the judgment from collecting it, pending litigation between him and another person to whom he had assigned his claim against the city, to determine to whom the judgment should be paid. The appeal of the plaintiff relates to his right to recover interest on the judgment after a decree awarding an injunction to restrain the

city from paying the plaintiff in the judgment, no injunction having been issued and the city having taken no steps to pay the money into court.

McManus, one of the defendants, obtained a judgment against the city in an action on a contract. Watson, the plaintiff here, claimed the money due on the judgment by virtue of an assignment by McManus, in consideration of advances made to him to enable him to carry out his contract. Proceedings in equity between these parties were pending for the adjustment of an account for advances made and moneys received and expended by Watson, and he filed a bill for an injunction to restrain McManus from collecting his judgment. A demurrer to the bill was sustained April 20, 1904, and the preliminary injunction was thereby dissolved. Watson then filed an amended bill making the city a party, under which an injunction was awarded January 15, 1907, restraining McManus from collecting, and the city from paying, the judgment until a final decree should be entered in the equity suit between Watson and McManus. After decree in the latter proceeding in favor of Watson, the court in this proceeding by decree directed the judgment obtained by McManus against the city to be marked to the use of Watson and authorized him to enforce the payment of the same, with interest from the date of the entry of the judgment, February 2, 1904, to the date of the awarding of the injunction against the city, January 15, 1907.

The contention of the city, the appellant in the first appeal, is that it is not liable for interest on the judgment after the date of the injunction, February 20, 1904, restraining McManus from collecting, because it was not in default. It was not a party to the proceeding, and the injunction fell when the demurrer was sustained on April 20, 1904, and there was no injunction in the proceeding to which it was a party either against McManus or against it until January 15, 1907, the date to which the running of interest against it was limited by the court. In the meantime it had an appeal pending in which it contested the amount of the judgment, which was decided against it April 10, 1905. In the opinion of this court on that appeal it was said in reference to an order staying execution: "When the judg-

ment was entered, it was the duty of the city to pay, and if there was another claimant to the fund, the proper practice would have been to ask for a rule on the plaintiff to show cause why leave should not be granted to pay the money into court in discharge of the judgment;" and the record was remitted with leave to the city to ask for a rule to show cause why it should not be permitted to pay the money into court: McManus v. Philadelphia, 211 Pa. 394. By Act of 1700, sec. 2, 1 Sm. L. 7, judgments bear interest from the time obtained until time of sale or until satisfaction be made. By this act, interest is a legal incident of every judgment: Cochran v. Cummings, 4 Dallas, 252; Commonwealth v. Miller, 8 S. & R. 452. It is as distinctly a substantive part of the debt as if the obligation to pay it was founded on a contract for interest. "Where the terms of an obligation comprehend interest, it is inaccurate to say interest is added by way of damages, for it is a substantive part of the debt as much as the principal is:" Hummel v. Brown, 24 Pa. 310. During a considerable portion of the time after judgment had been entered against the city, it resisted payment by an appeal. After final judgment against it, it could have relieved itself of any obligation for interest by paying the amount of the judgment into court. Not having done this, it is liable for interest.

The cross appeal by the plaintiff, Watson, presents the question of the liability of the city for interest after January 15, 1907, the date of the awarding of the injunction restraining McManus from collecting, and the city from paying, the judgment. After that date, the city could not pay, and it cannot be said that it was in default nor that it was under any duty except to obey the order of the court. This order had been procured by the plaintiff and payment had been stopped by him. The statutory provision for interest on a judgment should not be extended to require payment of interest to one at whose instance the payment of the principal has been stopped. A debtor directed not to pay by order of court, cannot be said to be in default but rather to be in the position of one who has made a tender. The rights of the parties are not affected by the fact that an injunction was not actually issued

and served. The city had knowledge of the order awarding an injunction and very properly observed it without compulsion.

The appeals are dismissed and the decree of the court is affirmed.