## McDermott, Appellant, v. McDermott.

Argued October 26, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*F. D. Gallup,* with him *E. G. Potter* and *W. D. Gallup,* of *Gallup, Potter & Gallup,* for appellant.

*F. J. Woods,* for appellee.

OPINION BY PARKER, J., January 27, 1938:

This appeal grew out of a proceeding in equity to partition oil producing land owned by plaintiff and defendant in equal shares and concerns a claim of plaintiff to interest on an award and plaintiff's liability for poundage on money paid into court.

The master appointed by the court reported that the land could not be divided, valued it and received

bids for the property from each party. Defendant's bid being the higher, it was directed that a conveyance be made to her, charged with the payment to plaintiff of one-half of the bid. The interlocutory report of the master was confirmed nisi by the court on May 23, 1935 and absolutely on July 23, 1935. Plaintiff appealed to the Supreme Court and on June 26, 1936 that court affirmed the lower court, but modified the decree to the extent that plaintiff was to be given a reasonable time to remove certain buildings which she claimed were her personal property. The appeal was not made a supersedeas. The partition proceedings were started on April 3, 1933 and on May 28, 1934 the parties, having disagreed as to the management of the oil property, stipulated and agreed that A. J. Hyatt should be appointed "to control and operate the oil property involved in this case, hire employees, purchase material and sell the oil until further order of court." The receiver was immediately appointed by the court and he continued in possession and control of the oil producing property until after a dispute arose as to payment of interest. In his report to the court the master provided: "Your Master recommends to the Court that an order be made directing your Master to make conveyance in accordance with this report, and the law, costs to be taxed by the Master in the final report." It was later provided that the plaintiff should join in the deed for the property.

On November 13, 1936 defendant presented her petition to the court below alleging that she was ready and willing to pay to plaintiff the money due from her, $13,050 and costs, on delivery of deed, that plaintiff had refused to accept the payment, that A. J. Hyatt was still in possession of and operating the property, that defendant was in neither actual nor constructive possession, and that plaintiff claimed she was entitled to interest from the date of the original decree on July

23, 1935 to November 13, 1936, and praying that the defendant be allowed to pay into court $13,236.29 which covered one-half the bid, one-half the master's fee, and costs, and that the court determine whether the defendant was required to pay interest on the award. A rule to show cause having issued, the money was paid into court and the court held that plaintiff was not entitled to the interest claimed. The plaintiff has now appealed from that order to this court. Deed for the property which was joined in by the master and plaintiff was not delivered to defendant until June 22, 1937, about seven months after the petition was presented.

"Interest is compensation allowed by law, or usage of trade or fixed by contract of the parties, for the use or detention of money: *Phila. v. Com.*, 276 Pa. 12, 14; *Koch v. Schuylkill County*, 12 Pa. Superior Ct. 567, 572": *Mack P. & C. Co. v. American P. & C. Co.*, 283 Pa. 449, 451, 129 A. 329. "It is a legal and uniform rate of damages allowed, in absence of any express contract, when payment is withheld, after it has become the duty of the debtor to discharge the debt": *Minard v. Beans*, 64 Pa. 411, 413; *Kelsey v. Murphy*, 30 Pa. 340, 341; *Mack P. & C. Co. v. American P. & C. Co.*, supra. An examination of the cases dealing with the charge and allowance of interest will disclose many difficulties, but the decided trend of courts of law and courts of equity has been "to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case": *John Agnew Co. v. Board of Education*, 83 N. J. Eq. 49, 89 A. 1046, 1054. Unless a case be found, which is a conclusive precedent, the safest and at the same time the fairest way for a court is to decide questions pertaining to interest according to a plain and simple consideration of justice and fair dealing. We have been referred to no precedent that is controlling.

The decree of the court below provided that a deed should be delivered to defendant and this was not done until after the money was paid into court. It may have been that a deed was not absolutely necessary for some purposes (*Griffith v. Phillips*, 3 Grant's Cases 381), but the court did in fact order it to be done and there was no objection to that feature of the order. Certainly it is much better practice to direct a conveyance to be made, and such procedure is authorized by the statute which provides that upon filing of a master's report it shall be lawful for the court to "direct conveyances to be made whenever such conveyances are requisite for the purpose of vesting a complete legal title to the purparts in the parties to whom the same shall be allotted": Act, July 7, 1885, P. L. 257, §3 (12 PS 1722).

In the meantime the defendant was not given possession of the premises. The actual possession was in the receiver who held the land by the special request of both parties for the benefit of plaintiff and defendant. The net profits of the operations were payable in equal shares to the parties. We have an analogous situation in proceedings under the power of eminent domain where land is taken. In such cases the owner acquires the right to its value as of the date of the occupation: *Lackawanna I. & S. Co. v. L. & W. V. R. R.*, 299 Pa. 503, 507, 149 A. 702. The owner is entitled to compensation for delay in the payment, unless just cause be shown to the contrary: *Wayne v. P. R. R. Co.*, 231 Pa. 512, 80 A. 1097; *Hoffman v. Phila.*, 261 Pa. 473, 104 A. 674. However, where the owner remains in possession after the appropriation, damages for detention are not allowed, or are reduced, depending upon the facts of each case: *Pattison v. B. R. & P. Ry. Co.*, 268 Pa. 555, 112 A. 101.

No doubt a judgment at law, as suggested by appellant, draws interest from the date of its entry (*Watson v. McManus*, 223 Pa. 583, 72 A. 1066), and a decree

confirming a partition has the same effect "as a judgment of a court of law in like cases that the partition remain firm and stable": Act, July 7, 1885, P. L. 257, §4 (12 PS 1723). Not only did the decree not fix a certain date for the delivery of the deed and payment of the consideration, but the final confirmation of the order was postponed by the appeal to the Supreme Court. While the decree of the lower court was affirmed, it was modified and the lower court was authorized to take further action and to give the plaintiff a reasonable time to remove certain buildings. Such additional time was given and the money was paid into court with reasonable promptness thereafter. We think the order contemplated that the consideration would be paid when the deed was delivered.

We have not the ordinary case of a judgment for the payment of money which draws interest from the date of its entry. No specific time for performance was fixed and if either party acted before the judgment was final, such person did so at her own peril. The appellant argues that since the appeal was not a supersedeas the defendant might have paid over the money at any time. As we have indicated, to have done so would have been at the risk of the party so acting. As a matter of fact, the terms of the partition were not finally settled until the lower court had complied with the order of the Supreme Court. We therefore see no merit in the contention that the order referred to is in the same category as a money judgment which is final.

Reason and justice would seem to us to dictate that the defendant should not, under the circumstances, be required to pay interest before she obtained possession of the premises. Plaintiff was not entitled to receive interest when she was at the same time receiving onehalf of the profits. There is nothing to indicate that the defendant was to any degree responsible for any

delay in the final consummation of the partition proceeding.

Appellant also objects to the payment of the prothonotary's poundage from the sum deposited. The money was deposited in court on defendant's petition in which she alleged that the plaintiff had declined to accept payment without interest. The court sustained the contentions of the defendant and we therefore do not see how the court could have properly taken any other course than it did. At the time the petition was presented to the court the defendant was ready and willing to do all that she was finally required to do. Since it was the action of the plaintiff which made necessary the additional costs and the defendant was in no way at fault, the poundage was properly deducted from the fund payable to the plaintiff.

The order of the court below is affirmed at the cost of the appellant.