## Koolvent Aluminum Awning Co. of Pittsburgh, Appellant, *v*. Pittsburgh.

Argued April 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Coleman Harrison,* for appellant.

*Regis C. Nairn,* Assistant Solicitor, with him *David Stahl,* Solicitor, for City of Pittsburgh, appellee.

*Edmund W. Ridall, Jr.,* Assistant Solicitor, and *Niles Anderson,* Solicitor, for School District of Pittsburgh, appellee.

Opinion by Woodside, J., June 15, 1960:

These two appeals involve actions in assumpsit to recover interest on judgments which had been entered against the City of Pittsburgh and the School District of Pittsburgh for tax refunds. The municipalities admit liability for interest from the date when the judgments were affirmed by this Court to the date when they were paid, but deny liability for interest from the date when the judgments were entered in the court below to the date when they were affirmed on appeal to this Court.

The facts are as follows: On February 4, 1955, the City of Pittsburgh and the School District of Pittsburgh notified Koolvent Aluminum Awning Co. of Pittsburgh that it was liable for the mercantile taxes, and the penalties and interest thereon, for the years 1952, 1953 and 1954. On April 14, 1955, the company paid the taxes demanded by the municipalities, under protest, claiming that as a manufacturer it was not subject to the tax. Koolvent then appealed to the County Court of Allegheny County. On March 11, 1957, that court found that the company was not subject to the taxes, and on April 29, 1957, judgments were entered in favor of Koolvent and against the city in the amount of $3922.15 and against the school district in the amount of $1927.57. The municipalities appealed to the Superior Court. On June 11, 1958, this Court affirmed the judgments; *Koolvent Aluminum Awning Co. v. Pittsburgh,* 186 Pa. Superior Ct. 233, 142 A. 2d 428 (1958). On October 16, 1958, the city and school district paid the amount of the judgments, without interest, to the company.

Koolvent thereupon sued the city and the school district in assumpsit for interest on the judgments from the date they were entered (April 29, 1957) to the date the principal amount of the judgments was paid (Oc-

tober 16, 1958). The defendants admit liability for interest from the date when the judgments were affirmed by this Court (June 11, 1958) to the date when payment was made (October 16, 1958). The court below entered judgments against the city for $81.80 and, against the school district for $40.26, being the interest which each municipality admits to be due. Koolvent has appealed from both judgments, claiming $342.98 from the city and $168.67 from the school district.

Judgments, including those against municipalities, bear interest from the date of entry.

"By the Act of 1700, sec. 2, 1 Sm. L. 7, judgments bear interest from the time obtained until time of sale or until satisfaction be made. By this act, interest is a legal incident of every judgment: Cochran v. Cummings, 4 Dallas 252; Commonwealth v. Miller, 8 S. & R. 452. It is as distinctly a substantive part of the debt as if the obligation to pay it was founded on a contract for interest." *Watson v. McManus,* 223 Pa. 583, 588, 72 A. 1066 (1909).

Interest runs on a money judgment from the date of the entry of the judgment in the court below and not from the date of an order of an appellate court affirming the judgment. An appeal does not suspend the running of interest. *Watson v. McManus,* supra, p. 588; 19 P.L.E., Interest and Usury, §8, pp. 560, 561; 47 C.J.S., Interest, §59, pp. 68, 69.

There is no authority which places a judgment for a specific sum in a tax refund case in a category apart from a judgment for a specific sum in any other kind of case against a municipality.

The appellees and the court below have relied upon cases which are concerned with the amount of interest to be included *in* a judgment for a tax refund. Those cases are not concerned with the question of interest *on* a judgment, which is the question presented here.

They relate solely to the time from which interest runs on a *claim* for a tax refund *before* it has been reduced to judgment.

The three cases relied upon by the appellees and the court below are: *Philadelphia & Reading Coal & Iron Co. v. Tamaqua School District*, 304 Pa. 489, 156 A. 75 (1931) ; *Park v. Pittsburgh School District Board of Public Education*, 354 Pa. 236, 47 A. 2d 222 (1946), and *Girard Trust Co. v. Philadelphia*, 359 Pa. 319, 59 A. 2d 124 (1948). The outcome of the first two of these depended upon the real estate assessments upon which the taxes were imposed. The assessment of the Philadelphia & Reading Coal & Iron Co. land, made by the county commissioners, was questioned by the taxpayer and was reduced by the court after prolonged legal proceedings. The Tamaqua School District had the original assessment certified to it by the county commissioners and imposed its tax upon that assessment. It was not until the assessment was reduced by the court that the taxpayer had a claim for refund of the excess school taxes, and could make legal demand for the refund. After obtaining a reduction of the assessment, the taxpayer brought an action against the school district for the refund. In the case for the refund, which is the one cited above, the Supreme Court said (p. 497), ". . . the school district would have been within its statutory rights in collecting the entire tax and would have been under no obligation to repay the excess until the final valuation decree of February 5, 1925. It was not until then that plaintiff's right accrued, and the public funds should not be penalized by charging interest upon the amount due until plaintiff made a formal demand upon the proper authorities, giving notice that it intended to exercise its right." In the *Park* case, the demand for refund was made by the taxpayer before the final determination of the

proper assessment was made by the court below. A decree nisi reducing the real estate assessment had been entered, to which both the taxpayer and the taxing authorities filed exceptions. Without waiting for action on the exceptions, the taxpayer demanded immediate refund of the excess tax. The court held that the demand was premature. As the taxing authorities repaid all of the tax, even before the court below passed upon the exceptions to its decree nisi in the assessment case, the court held that the *right* to refund had not accrued prior to repayment of the excess taxes to the taxpayer, and that no interest was due. In the *Girard* case, interest was allowed in the amount claimed by the taxpayer.

In the recent case of *Jefferson Memorial Park v. West Jefferson Hills School District*, 397 Pa. 629, 635, 156 A. 2d 861 (1959), the Court held that the excess taxes paid by the plaintiff should have been refunded upon demand after the reduction of the plaintiff's real estate assessment by the county board. Interest on the refund was calculated *in* the judgment from the date of the demand.

Our determination in the cases here before us is based primarily upon the aforesaid statute of 1700 as interpreted by the Supreme Court in *Watson v. McManus*, supra, which holds that interest is a legal incident of every judgment. But, suppose this decision were to turn on principles of equity;[1] the result would be no more favorable to the municipalities. The city and school district demanded taxes from Koolvent which the ordinance and statutes did not impose upon

---

[1] In *McDermott v. McDermott*, 130 Pa. Superior Ct. 127, 130, 196 A. 889 (1938), it was noted that the tendency has been to break away from hard and fast rules and to charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case.

it. Disputes over the *imposition* of taxes differ materially from tax disputes in the above assessment cases where there was never any question that the properties were subject to tax. In the assessment cases, it was not the right to impose the taxes but the amount of the taxes, which was in issue. The issue, which required determination before the right to a refund accrued, was the valuation of the property upon which the tax was imposed.

The valuation of property for tax purposes is generally a matter of judgment incapable of mathematical precision. When the assessing authorities, in the exercise of their discretion, place a valuation upon property, that valuation is the official valuation which must be used by the taxing authorities until that valuation is changed by the court or by some other lawful means. When the valuation is reduced, the taxpayer *thereupon* becomes entitled to the refund of the excess tax paid by him. It is reasonable to limit the interest on the refund to the period starting at that time, for it is then that the right to the refund accrues.

Here demand was made upon Koolvent for taxes which *the law did not impose in any amount*. Koolvent, under threat of penalties and high interest, complied with the demands which the taxing authorities *never* had any legal right to make. The municipalities used Koolvent's money from April 14, 1955 to October 16, 1958, when they repaid it without *any* interest. Koolvent had to bring actions in court to be relieved from a demand for taxes which, under the statutes, the municipalities had no right to demand in any amount at any time. When Koolvent sought relief from the court, it was making a demand for the refund of an exact sum, representing a tax never imposed; it was not seeking a re-evaluation of property upon which a legally imposed tax had been calculated. When

judgment was entered against the municipalities, it became judicially determined that the municipalities were using money to which they never had a legal right. The appellant does not seek interest on its money for the period between April 14, 1955, when the municipalities received it, and April 29, 1957, when the judgments were entered in the court below. Applying equitable principles, there can be no doubt that interest should be allowed from the time when the court below told the municipalities, by the entry of judgments, that they never had any right to Koolvent's money.

Judgments are modified to include interest on the prior judgments for the tax refunds between April 29, 1957 and October 16, 1958, and as so modified, are affirmed.