Kelly, Appellant, *v.* Allegheny County
Redevelopment Authority.

Argued March 20, 1963.    Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Charles F. Dean,* for appellants.

*Sylvan Libson,* with him *William J. Fahey,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 4, 1963:

Appellee, Redevelopment Authority of Allegheny County, condemned certain lands owned by appellants. The board of viewers awarded damages of $131,250. Both parties appealed this award to the Court of Common Pleas of Allegheny County where on April 7, 1961 the jury returned a verdict of $130,000 in favor of appellants. Still not satisfied with the amount of damages, appellants moved for a new trial. When this motion was denied, appellants on January 8, 1962 entered judgment on the verdict and appealed to this Court where the judgment was affirmed.[1]

On May 8, 1962, appellee tendered payment of the $130,000. In addition to this sum, appellants demanded 6% interest on the $130,000 from April 7, 1961, the date of the jury verdict,[2] and also witness fees of $50.45. Appellee denied that these amounts were due. Accordingly, it was agreed that appellants should accept the $130,000 as of May 8, 1962, and that a "case stated" should be presented to the court below raising two questions: (1) whether appellants could recover the witness fees incurred at the trial in the common

---

[1] *Kelly v. Allegheny County Redevelopment Authority,* 407 Pa. 415, 180 A. 2d 39 (1962).

[2] The parties agree that the amount of interest for this 13-month period is $8,462.47.

pleas court; and (2) whether appellants were entitled to interest on the jury verdict. The court below held that appellants were not entitled to recover either of these sums and this appeal followed.

Turning first to the question of the witness fees, we conclude that the court below ruled properly in this matter. Section 1712 of the Urban Redevelopment Law provides that the "Authority may exercise the right of eminent domain in the manner provided by law for the exercise of such right by cities or counties, as the case may be, of the same class as the city or county in which such Authority is organized to operate."[3]

Appellee is organized to operate in Allegheny County, a county of the second class. With regard to the payment of costs incurred in eminent domain proceedings, section 2625 of the Second Class County Code provides: ". . . all costs and expenses incurred shall be paid by the county, except in cases where an appeal is taken by any party in interest from the award of the viewers *and the appellant does not recover any greater amount than the viewers award,* in which case the appellant shall pay all costs of such appeal." (Emphasis supplied).[4] Since appellants did not obtain a larger amount by virtue of their appeal to the common pleas court, appellee is not liable for the witness fees. Cf. *Simon Appeal,* 408 Pa. 464, 184 A. 2d 695 (1962).

Appellants assert that the Urban Redevelopment Law does not incorporate section 2625 of the Code because it was enacted eight years prior thereto. We need not pass on the merits of this argument since its factual basis is incorrect, section 2625 merely being a codification of prior statutes which antedate the Urban Redevelopment Law.[5]

---

[3] Act of May 24, 1945, P. L. 991, §12, 35 P.S. §1712.

[4] Act of July 28, 1953, P. L. 723, §2625, 16 P.S. §5625.

[5] See, e.g., the Act of May 2, 1929, P. L. 1278, §535.

A more difficult issue is presented by the question of interest on the verdict. The Act of April 6, 1859 provides that interest shall be collectible from the date of the verdict.[6] While it is clear that interest runs where the losing party contests the verdict,[7] the question of whether interest accrues where the successful party so acts is one of first impression.[8]

Appellee points to *Watson v. McManus*, 223 Pa. 583, 72 Atl. 1066 (1909) to show that exceptions have been made to the running of interest. In that case, we held that interest did not run where the judgment-debtor was enjoined by court order from satisfying the judgment.[9] The case before us now, however, does not present a factual situation where an exception should be made to the running of interest.

Appellee argues that it has been prevented from satisfying the judgment by appellants' attempts to set aside the verdict and judgment. Yet during this entire period, *without making any tender of the amount admittedly due,* appellee has had full use and benefit of the money. Unlike the situation in *Watson*, there was no court order in this case forbidding a tender. Also,

---

[6] "From and after the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and receive interest upon such sum from the date of the verdict . . . Provided, That nothing in this act contained shall prevent any court from directing special verdicts, or entering special judgments whenever the same shall be deemed just and proper." Act of April 6, 1859, P. L. 381, §1, 12 P.S. §781.

[7] See, e.g., *Koolvent Aluminum Awning Co. of Pittsburgh v. Pittsburgh*, 192 Pa. Superior Ct. 650, 162 A. 2d 256 (1960).

[8] Other jurisdictions have split on the question. See, e.g., *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis*, 234 Mo. App. 209, 115 S.W. 2d 513 (1938) (no interest) ; *Zurich General Accident & Liability Co. v. Mid-Continent Petroleum Co.*, 43 F. 2d 358 (10th Cir. 1930) (interest runs).

[9] See also *McDermott v. McDermott*, 130 Pa. Superior Ct. 127, 130, 196 Atl. 889, 890 (1938).

there is no suggestion that appellants have acted in other than good faith or with due dispatch in prosecuting their appeal. Under these circumstances, appellants should not be penalized for exercising their right of appeal by forfeiting their right to interest on the verdict. See Note, 64 Yale L.J. 1019, 1028-29 (1955). Accordingly, we reverse the refusal of the court below to award interest and direct that interest be granted.

Affirmed in part and reversed in part.