Opinion by
 

 Weight, J.,
 

 Charles E. Hoover instituted an action in trespass against Chester W. Dotson to recover damages for injuries received when Hoover’s motor vehicle was struck in the rear by Dotson’s car. On February. ,5, 1962, a jury verdict was rendered in favor of Hoover in the amount of $3,110.27. Within the four days. permitted, Hoover filed a motion for a new trial. Among the reasons.assigned were a number of alleged trial errors, and also inadequacy of the verdict. On July 24, 1962, Hoover’s motion for a new trial was overruled. See
 
 Hoover v. Dotson,
 
 79 Dauphin 214. Hoover then demanded payment of the amount of the verdict plus interest from the date thereof. When Dotson refused to pay the interest, Hoover obtained a rule to show cause why execution should not issue for the amount of the verdict plus interest. The court below made the rule absolute. Dotson has appealed., .
 

 The simple issue involved is whether a plaintiff in a negligence case, who unsuccessfully appeals from, a verdict in his favor, is entitled to interest from the date of the verdict. We here note that appellant made no tender of any kind, and does, not suggest bad faith or lack of diligence in prosecuting the appeal.- He argues that immediate payment by him of the amount of the verdict was “precluded by the action of the plaintiff’?.
 

 Section 1 of the Act of April 6, 1859,. P. L. 381,.12 P.S. 781, provides as follows: “From and after. the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and receive interest upon such sum from the date of the. ver diet; and every general judgment entered upon such verdict, whether by a court of original jurisdiction, or by the supreme court, shall be deemed and held, to be a judgment for the sum found by the verdict, with- interest thereon from the date of such finding: Provided, That
 
 *534
 
 nothing in this act contained shall prevent any court from directing special verdicts, or entering special judgments whenever the same shall be deemed just and proper”.
 

 Appellant contends “that the Act of 1859 was simply a legislative mandate for the application of equitable principles and that the application of such principles requires the denial of interest in a case of this nature”. On the contrary, we all agree with Judge Kreider of the court below that the issue presented is controlled by the recent decision of our Supreme Court in
 
 Kelly v. Allegheny County Redevelopment Authority,
 
 411 Pa. 210, 191 A. 2d 393. In that case Mr. Justice Cohen made the following pertinent statement:
 

 “A more difficult issue is presented by the question of interest on the verdict. The Act of April 6, 1859 provides that interest shall be collectible from the date of the verdict. While it is clear that interest runs where the losing party contests the verdict, the question of whether interest accrues where the successful party so acts is one of first impression.
 

 “Appellee points to Watson v. McManus, 223 Pa. 583, 72 A. 1066 (1909) to show that exceptions have been made to the running of interest. In that case, we held that interest did not run where the judgment-debtor was enjoined by court order from satisfying the judgment. The case before us now, however, does not present a factual situation where an exception should be made to the running of interest.
 

 “Appellee argues that it has been prevented from satisfying the judgment by appellant’s attempts to set aside the verdict and judgment. Yet during this entire period, without making any tender of the amount admittedly due, appellee has had full use and benefit of the money. Unlike the situation in Watson, there was no court order in this case forbidding a tender. Also, there is no suggestion that
 
 appellants have
 
 acted
 
 *535
 
 in other than good faith or with due dispatch in prosecuting their appeal. Under these circumstances, appellants should not be penalized for exercising their right of appeal by forfeiting their right to interest on the verdict. See Note, 64 Yale L. J. 1019, 1028-29 (1955). Accordingly, we reverse the refusal of the court below to award interest and direct that interest be granted”.
 

 Order affirmed.