## Klinger v. Redevelopment Authority of Reading

*Charles H. Weidner*, for plaintiff.

*Russell J. LaMarca* and *Eugene F. Wisniewski*, for defendant.

HESS, P. J., June 25, 1964.—Prior to November 9, 1961, Kathryn E. Klinger, plaintiff, was the owner of a property located at 38 North Fourth Street, Reading, Pa. On that date, the Redevelopment Authority of the City of Reading, defendant, acquired the property by virtue of its right of eminent domain. On July 2, 1962, a board of view awarded to plaintiff compensation in the sum of $50,000, and on the same date the report was confirmed nisi. Plaintiff took an appeal from the award, and on May 4, 1964, by agreement of the par-

ties, the appeal was withdrawn and the award of the board of view was confirmed absolutely. The agreement of counsel also provided for a case stated on the question of interest, and that problem is now before the court.

The Third Class City Code, as amended by the Act of June 28, 1951, P. L. 662, sec. 28.5, 53 PS §37849, provides that: "The amount of damages allowed in a report of viewers or otherwise for the taking, injury or destruction of land or property by the city's exercise of the right of eminent domain shall, as finally confirmed, bear interest at the rate of three per centum per annum from the date of the confirmation nisi of the report." Plaintiff contends that the statute gives her the right to interest at three percent on the sum of $50,000 awarded by the viewers from the date of confirmation nisi on July 2, 1962, to the date of confirmation absolute on May 4, 1964. Defendant contends that no interest should be allowed for the reason that the appeal was withdrawn and plaintiff ultimately accepted the sum awarded by the viewers.

We conclude that plaintiff is entitled to the payment of interest as provided in the Act of 1951, supra. It is no sufficient answer for defendant to say that plaintiff's own action delayed confirmation absolute. The language of Mr. Justice Cohen in Kelly v. Allegheny County Redevelopment Authority, 411 Pa. 210, 213, is a complete answer: "Yet during this entire period, *without making any tender of the amount admittedly due*, appellee has had full use and benefit of the money." It is true that, in our case, defendant never admitted that $50,000 was due. However, it did not appeal and must have accepted the award as being fair and reasonable. Instead of tendering a reasonable amount to stop the running of interest, it chose to retain the money, no doubt earning more from the use of the money than the three percent the act of assembly allows.

It is true that after an appeal has been taken from the award of the board of view, the jury allows interest in the form of damages for detention, usually at the rate of six percent. Defendant would read into the language of the Supreme Court in Adams v. New Kensington, 374 Pa. 104, an inference that when plaintiff filed an appeal, the Act of 1951, supra, relating to three percent interest, is no longer applicable. At page 110, the court stated:

"After an appeal from the report of viewers the said report is no longer in the case, except, of course, as furnishing jurisdiction to the common pleas on appeal."

In our case, however, with the agreement of defendant, the report of viewers was brought back into the case when the appeal was withdrawn and the report confirmed absolutely. Defendant would be in a much stronger position if it had not agreed to the confirmation. As far as the case stated is concerned, there are no facts which would warrant our imputing to plaintiff any responsibility for the delay of almost two years between confirmation nisi and confirmation absolute except the taking of an appeal. There are no facts which would warrant our concluding why the issue was not sooner resolved by a jury and why ultimately, by agreement of the parties, the appeal was withdrawn. Under these circumstances, there is no reason to negate the plain mandate of the Act of 1951. Plaintiff is entitled to interest from July 2, 1962, to May 4, 1964, at the rate of three percent.

And now, to wit, June 25, 1964, Redevelopment Authority of the City of Reading, defendant, is ordered and directed to pay to Kathryn E. Klinger, plaintiff, interest on the sum of $50,000 from July 2, 1962, to May 4, 1964, at the rate of three percent per annum, and, until receipt of such payment, plaintiff shall not be obliged to satisfy said award or judgment.