## Murray Hill Estates, Inc. *v.* Bastin et al., Appellants.

Argued October 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Frank M. Van Ameringen,* with him *Van Ameringen, Girman & Del Sole,* for appellants.

*Coleman Harrison,* for appellee.

Opinion by Mr. Justice Pomeroy, April 22, 1971:

The defendants-appellants were optionees of a contract to purchase approximately 140 acres of land for $95,000. They assigned the option to plaintiff-appellee who exercised it and acquired title to the property. Consideration for the assignment was $500 plus a conveyance to appellants of 46 acres of the tract purchased.

Appellee's purpose in acquiring the option and in purchasing the land was to develop the acreage by subdividing it into lots for the ultimate erection of dwelling houses. For this purpose, as the court below found, "a source of water supply was indispensable." Hence the inclusion in the "Agreement To Assign Option", which the parties entered into, of paragraph 5, which provided as follows: "The parties hereto further agree that if, within a period of one and one-half (1 1/2) years from the date of execution hereof, the Township of East Deer has not caused an Authority to be created, or other method of financing instituted, for the installation of a system of water distribution to the lands which are the subject of this Agreement, that is, the Yost Estate, for a plan of lots similar to the plan of lots for this tract of ground already drawn by parties of the first part [appellants], and if the said Township of East Deer, by its created Authority, or by any other means of financing, has not let a contract for the installation of the water system, then, on de-

mand by party of the second part [appellee], the parties of the first part shall have the option to satisfy the demand of the party of the second part by either (1) Returning to the party of the second part, or its assignee or agent, whichever is the owner of the land, the consideration paid by party of the second part to the Yosts and taking back a Deed for the premises conveyed to the party of the second part, or its assignees, or (2) Deed to the party of the second part, or its designated assignee or agent, the land conveyed to the parties of the first part, as referred to in preceding paragraph 2 hereof, that is, the land lying to the North of Murrayhill Road, in said East Deer Township." [The 46 acres deeded by appellee to appellants as consideration for the option assignment.]

More than 1 1/2 years from the date of the agreement elapsed without any definitive action by the Township for the installation of a water system. Appellee thereupon demanded of appellants the fulfillment of either of the alternatives set forth in paragraph 5, above quoted. Appellants having refused the demand, this suit for specific performance was brought. After hearing, the chancellor entered a decree in favor of appellee. Exceptions to the decree were dismissed by a court *en banc,* and the decree *nisi* was made final. This appeal followed.

There is no dispute as to the above facts. Defendants raised several defenses by way of new matter, only one of which is pressed on this appeal. It is that the value of the 94 acres retained by plaintiff (and which is the subject of alternative (1) in paragraph 5 of the agreement above quoted) has been "drastically reduced" because, since the acquisition of the property, "two valuable dwellings" situated on that tract have been destroyed, one by fire and the other by vandalism. It is therefore contended that performance of alterna-

tive (1) has become an impossibility, and that appellants are entitled to an abatement in the $95,000 purchase price paid by appellee (and which appellants would have to pay to appellee in exercising alternative (1)) commensurate with the value of the two dwellings. While appellants asserted that the destruction of the buildings took place while appellee was in sole possession of the premises, there was no contention that the destruction resulted from any act or negligent failure to act of appellee.

The court below concluded that the destruction of the two dwellings did not derogate from appellee's right to secure specific performance by appellants of one or the other of the alternative remedies provided for in paragraph 5 of the agreement to assign the option. It noted that the parties to the agreement were ostensibly knowledgeable in real estate matters; that the agreement contains no reference whatever to the two structures on the 94-acre tract; that the agreement was clear and complete; and that no charge of fraud, accident or mistake relative to the agreement is made. The court therefore held that the agreement represents the intention of the parties and must be enforced as written, without any parol evidence as to the value of the dwellings, or diminution of the amount payable if appellants should choose the first alternative method of rescission. The court further held that the doctrine of impossibility of performance was not applicable, since the appellants had the choice of alternative (2). See *Restatement of Contracts,* §469; 17 Am. Jur. 2d, Contracts, §422, p. 877. We are in complete accord with these conclusions of the court below.

The other point raised on appeal is that the chancellor's award of interest, or more precisely, payment for delay, to appellee on the sum of $95,000 from the date of its demand on appellants was without justifica-

tion. The court *en banc* conclusively answered this point in the following portion of its opinion: "It is true that the defendants have not precisely withheld a liquidated sum of money which has become due to plaintiff. But by their unjustifiable and intransigent refusal to perform according to their clear undertaking, and because of the resulting uncertainty of plaintiff's status as owner of the land, the defendants have rendered it impossible for plaintiff to make any plans for the use of the total acreage should defendants elect to convey the 46-acre tract to it, and, at the same time, they have deprived plaintiff of the use of its investment of $95,000. Plaintiff's investment, therefore, has lain fallow since the date of its demand on defendants, irrespective of which alternative performance defendants ultimately choose."

In so holding the court relied, we think properly, on *Carbondale City School District v. Fidelity & Deposit Co. of Maryland,* 346 Pa. 491, 31 A. 2d 279 (1943), and *McDermott v. McDermott,* 130 Pa. Superior Ct. 127, 130, 196 Atl. 889 (1938). We approve as appropriate in equity cases the Superior Court's comment in *McDermott, supra,* as follows: "An examination of the cases dealing with the charge and allowance of interest will disclose many difficulties, but the decided trend of courts of law and courts of equity has been 'to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case' . . . Unless a case be found, which is a conclusive precedent, the safest and at the same time the fairest way for a court is to decide questions pertaining to interest according to a plain and simple consideration of justice and fair dealing."

See and compare *Marrazzo v. Scranton Nehi Bottling Co.,* 438 Pa. 72, 263 A. 2d 336 (1970); *Kelly v.*

*Allegheny County Redevelopment Authority,* 411 Pa. 210, 191 A. 2d 393 (1963) ; *Mauch v. Pittsburgh Pension Board,* 383 Pa. 448, 451, 119 A. 2d 193 (1956) ; *Palmgreen v. Palmer's Garage, Inc.,* 383 Pa. 105, 108, 117 A. 2d 721 (1955).

Decree affirmed; costs on appellants.

Mr. Justice Cohen took no part in the decision of this case.