## Hamilton v. Eichelberger

*John M. Eakin,* for plaintiff.
*William Fearen,* for defendants.

SHUGHART, P. J., February 27, 1973.—The above plaintiff entered into a contract to do certain construction work in connection with the erection of a home to

be built for defendants. As payment, at least in part, defendants executed a note in the amount of $10,700 which contained a cognovit clause. After certain payments were made on the note, plaintiff entered judgment thereon in the amount of $3,700 and issued execution.

On application of defendants, a rule was issued to show cause why judgment should not be opened and the execution stayed. Following the filing of an answer and certain other proceedings not currently relevant, an order was entered opening the judgment. Thereafter, pursuant to a written stipulation of the parties, the matter was submitted to a board of arbitrators with the proviso that their decision would be final. The arbitrators, following hearings, filed an award as follows:

"We . . . find for the plaintiff . . . in the amount of $3,700.00; for the defendants in the counterclaim in the amount of $227.00; and therefore a net verdict for plaintiff . . . in the amount of $3,473.00."

The award was filed July 18, 1972, and thereafter defendants offered to pay the net award of $3,473. Plaintiff refused the offer because he contended that interest had accrued on the judgment of $3,700 from the date of entry and that, in addition, $150 costs had accrued which defendants refused to pay. Defendants thereafter presented a petition for a rule to show cause why the matter should not be referred back to the arbitrators to determine defendants' liability for interest and costs. Plaintiff filed an answer to the petition in which it is contended that the determination of interest and costs due is a legal matter for the decision of the court. Briefs have been filed, the matter has been argued and is now before us for decision.

While other matters are included in the petition to open judgment and stay execution, in paragraph no.

9 of the petition there were a series of allegations that defendants refused to pay the balance due on the note because of defective performance of the construction contract by plaintiff in some 10 respects. The total claimed by defendants in their counterclaim for defective performance was $2,570.68; however, they were awarded thereon the sum of $227.

Interest is regarded as a legal incident of every judgment: Watson v. McManus, 223 Pa. 583, 588. There appear, however, to be no cases in which the precise question involved here has been raised. It has been held that the lien of a judgment is not affected by the fact that the judgment is opened by the court: Markofski v. Yanks, 297 Pa. 74, 78. Further, where a levy by the issuance of an execution of a judgment has been made, the levy is not affected by an order opening the judgment: Sanctis v. Lagerbusch, 213 Pa. Superior Ct. 483, 488. When a jury verdict is reduced on appeal, interest runs on the reduced amount from the date of the verdict: Logue v. Potts Manufacturing Company, 6 Cumb. 19, 20. When a plaintiff appeals from a verdict in his favor on the ground that it is inadequate, interest runs against defendant during the appeal period even though plaintiff's motion for a new trial is refused: Hoover v. Dotson, 202 Pa. Superior Ct. 532.

Plaintiff contends that the judgment was unaffected by defendants' effort to open it. We do not concur with this view. Defendants' motion to open the judgment was predicated in part on the proposition that there had been a partial failure of consideration. The arbitrators sustained this view to the extent of $227. Except for this amount, the original judgment stands as it was entered and plaintiff is entitled to interest from the entry of judgment on the sum of $3,473 to this date.

We perceive nothing in this case that would obviate the operation of the general rule that the costs follow the verdict and, therefore, in this case, we conclude that costs shall be paid by defendants: Logue v. Potts Manufacturing Company, supra, and cases cited.

## ORDER OF COURT

And now, February 27, 1973, it is ordered and directed that defendants pay the costs accrued in the above-captioned matter and, further, pay to plaintiff the sum of $3,473 with interest thereon at six percent from the date of entry of the judgment.