## Quaker State Construction Co. v. Symons

*Kenneth E. Fox, Jr.*, for plaintiff.
*Richard J. Audino*, for defendants.

LYON, *J.*, March 13, 1975—On December 18, 1969, plaintiff entered judgment by confession against defendants in the amount of $4,679.64 and later caused a writ of execution to issue. On March 31, 1970, defendants caused a rule to issue upon plaintiffs to show cause why the judgment should not be opened. Although plaintiff filed an answer to this rule, neither party pursued the rule to open the judgment to a final determination on the merits.

Instead, on November 21, 1970, plaintiff commenced an action in assumpsit against defendants, alleging a cause of action identical to that which supported the confessed judgment. Both parties agreed to refer the matter to a board of arbitrators. Both parties appeared and presented evidence at a hearing before the board of arbitrators. On March 23, 1972, the board issued an arbitration award in favor of plaintiff in the amount of $2,375, with in-

terest computed from October 1, 1969. Neither party appealed from this award.

Plaintiff, dissatisfied with the amount of the arbitrator's award, then attempted to collect on the original judgment by confession. On October 25, 1972, plaintiff caused a rule to issue to show cause why defendants' rule to open the confession judgment should not be dismissed. The rule was properly served upon defendants and on January 16, 1973, the rule was made absolute for want of an answer.

On March 6, 1973, pursuant to a writ of execution upon the confessed judgment, the Sheriff of Lawrence County sold defendants' real estate for the sum of $50. On March 15, 1973, defendants caused a rule to issue to show cause why the sheriff sale should not be set aside. After hearing arguments, this court, in an opinion dated October 17, 1973, ordered the sheriff sale to be set aside. In so ruling, this court held that enforcement of the original judgment note was barred by the subsequent arbitration award.

Plaintiff then filed a praecipe for a writ of execution based on the arbitration award to include interest from October 1, 1969. Defendants obtained a stay of execution on May 3, 1974, and caused a rule to issue to show cause why the execution should not be set aside. Defendants contend that plaintiff is not entitled to interest after March 23, 1972, the date of the arbitration award, since plaintiff, by its own actions, prevented satisfaction of the award beyond that date. We deny defendants' petition to set aside the execution.

As a general rule, interest on a verdict or judgment is allowable as a matter of right: Act of 1700, 1 Sm. L. 7, sec. 2, 12 PS §782; Act of April 6, 1859,

P.L. 381, sec. 1, 12 PS §781; Barium Steel Corp. v. Wiley, 379 Pa. 38, 108 A. 2d 336 (1954). While there is authority for the proposition that a creditor may bar his right to claim interest by his own conduct (see Powell v. Allegheny County Retirement Board, 431 Pa. 396, 246 A. 2d 110 (1968)), such a denial of interest is based upon principles of equity and fairness. In this case, equitable considerations do not demand that plaintiff be denied interest.

The controversy here arose from plaintiff's performance of a home improvement contract for defendants. During the entire period defendants had the benefit of these improvements and the controversy concerned only the amount of plaintiff's compensation. The board of arbitrators found plaintiff was entitled to compensation in the sum of $2,375 and defendants never contested that award, yet they have not availed themselves of ample opportunity to make a tender of that sum to the plaintiff.

A somewhat analogous case is Kelly v. Allegheny County Redevelopment Authority, 411 Pa. 210, 191 A. 2d 393 (1963). In Kelly, condemnee appealed unsuccessfully from a jury verdict awarding him $130,000. After the lower court's decision was affirmed, condemnee then demanded interest from the date of the verdict. In ruling that condemnee was entitled to interest from the date of the verdict, our Supreme Court noted that during the entire appeal period appellee had full use and benefit of the money and never made any tender of the amount admittedly due. Under these circumstances, and in the absence of a showing of bad faith, the court held that the condemnee should not forfeit his right to interest: 411 Pa. 213-214, 191

A. 2d 395. In accord: Hoover v. Dotson, 202 Pa. Superior Ct. 532, 198 A. 2d 603 (1964).

In approaching questions pertaining to interest, our courts have adopted the following standard: "Unless a case be found, which is a conclusive precedent, the safest and at the same time the fairest way for a court is to decide questions pertaining to interest according to a plain and simple consideration of justice and fair dealing:" McDermott v. McDermott, 130 Pa. Superior Ct. 127, 130, 196 Atl. 889, 890 (1938), quoted with approval in Murray Hill Estates v. Bastin, 442 Pa. 405, 276 A. 2d 542 (1971). In the instant case, defendants have enjoyed the benefits of plaintiff's labors during this entire period. The board of arbitrators awarded plaintiff $2,375 for the performance of the contract and defendants never challenged that award. Defendants have never tendered payment for the amount admittedly due to plaintiff. When plaintiff attempted to collect on the original judgment by confession subsequent to the award of the board of arbitrators, it initiated the proceedings by the appropriate rule to show cause which was duly served upon defendants. That rule was made absolute because of defendants' failure to file an answer. It therefore appears on the record that defendants indicated no objection to the proceedings to collect upon the original judgment by confession until after execution upon their real property when they filed a petition to set aside the judicial sale. Thus, defendants' own inaction was a substantial contributing cause of the delay during much of the time period defendants now contend plaintiff should forfeit its right to interest. Given these facts, we see no reason why plaintiff should forfeit the right to col-

lect interest on the arbitration award: Kelly v. Allegheny County Redevelopment Authority, supra.

### ORDER

Now, March 13, 1975, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the rule to show cause why execution should not be set aside, which was issued on May 3, 1974, be, and herewith is dismissed. Plaintiff may forthwith proceed with execution upon the award made by the board of arbitrators on March 23, 1972.