399 A.2d 732

**PRINTED TERRY FINISHING COMPANY INC.**

**v.**

**CITY OF LEBANON and Pitometer Associates, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1978.

Decided March 9, 1979.

George E. Christianson, Lebanon, for appellants.

Stephen A. Cozen, Philadelphia, and with him, Bernerd A. Bugzon, Lebanon, for appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that interest on a reduced verdict obtained after a new trial on damages should not run from

the date of the original verdict when the new trial was necessitated by the misconduct of appellee's counsel. We agree and, accordingly, reverse the order of the court below.

The case is a continuation of *Printed Terry Finishing Company, Inc. v. City of Lebanon,* 247 Pa.Super. 277, 372 A.2d 460 (1977), wherein the facts are set forth in greater detail. To summarize, after the jury returned a verdict in favor of appellee, Printed Terry, as to liability, a partner of the law firm representing appellee * was seen shaking or holding the hand of a juror and whispering in the juror's ear or kissing her on the cheek. Although the court conducted a limited inquiry, he never received a satisfactory explanation of this encounter. However, he refused to declare a mistrial. On October 31, 1973, the jury returned a verdict of $534,249.28 against both Pitometer Associates, Inc., appellant herein, and the City of Lebanon. We held that by failing to obtain a satisfactory explanation of the encounter between the juror and appellee's attorney the lower court abused its discretion, and we affirmed the verdict as to liability but remanded for a new trial limited to the issue of damages. *Id.* On December 16, 1977, a second jury returned a verdict of $467,692.78, which amount is 87.54% of or $66,556.50 less than the original verdict. At no time prior to this second verdict did appellant tender any amount to appellee. On February 28, 1978, the lower court molded the verdict by ordering the addition of 6% simple interest on the second verdict from October 31, 1973, the date of the original verdict, for a judgment of $591,841.43. Post-verdict motions were denied. On April 11, 1978, the parties stipulated that the only issue on appeal would be appellant's share of the interest from October 31, 1973 to December 16, 1977, which amount is $57,936.27.[1] On May 12, 1978, judgment of $591,841.43 was entered in accordance with the February 28, 1978 order. This appeal followed.

---

* Stanley Katz, Esquire, the partner in question, was counsel of record for Printed Terry but did not participate in the trial.

1. The court-approved stipulation provides as follows:

Appellant contends that interest on $467,692.78, the reduced verdict returned after a new trial on damages, should run from December 16, 1977, the date of that verdict, and not from October 31, 1973, the date of the original verdict. Under the particular circumstances of this case, we agree.

"IT IS HEREBY STIPULATED AND AGREED by and between the plaintiff, Printed Terry Finishing Company, Inc., and defendant, Pitometer Associates, Inc., as follows:

"1. Plaintiff and Defendant shall and do hereby withdraw all post trial motions filed by each of them which are presently undecided;

"2. Judgment shall be and is hereby entered in favor of the plaintiff and against defendant in accordance with the verdict of the jury rendered on December 16, 1977 and in accordance with the Order of Court dated February 28, 1978 in the total amount of Five Hundred Ninety-one Thousand Eight Hundred Forty-one Dollars and Forty-three Cents ($591,841.43);

"3. Defendant Pitometer Associates, Inc., shall pay to plaintiff forthwith one-half ($\frac{1}{2}$) of the principal amount of the verdict rendered by the jury on December 16, 1977 or Two Hundred Thirty-three Thousand Eight Hundred Forty-six Dollars and Thirty-nine Cents ($233,846.39), plus one-half ($\frac{1}{2}$) of the post judgment interest on such verdict from December 16, 1977 to March 31, 1978 or the sum of Four Thousand One Hundred Thirty-eight Dollars and Five Cents ($4,138.05) for a total payment to plaintiff by defendant, Pitometer Associates, Inc., in the sum of Two Hundred Thirty-seven Thousand Nine Hundred Eighty-four Dollars and Forty-four Cents ($237,984.44);

"4. By reason of such aforesaid payment it is understood and agreed that defendant, Pitometer Associates, Inc., shall have no further liability to plaintiff for post judgment interest on the jury verdict rendered on December 16, 1977; and

"5. Defendant, Pitometer Associates, Inc., shall either appeal the issue of the award of interest from October 31, 1973 to December 16, 1977 or failing to appeal the same within the appropriate time limit prescribed by the rules of the Court shall pay over to plaintiff the additional sum of Fifty-seven Thousand Nine Hundred Thirty-six Dollars and Twenty-seven Cents ($57,936.27), one-half ($\frac{1}{2}$) of the amount of interest from October 31, 1973 to December 16, 1977 in full and final discharge of all its obligations in connection with the above captioned action. Should the defendant, Pitometer Associates, Inc., fail to exercise its right of appeal and instead pay over to the plaintiff the sum of Fifty-seven Thousand Nine Hundred Thirty-six Dollars and Twenty-seven Cents ($57,936.27) immediately upon the expiration of the appeal period, then plaintiff shall execute and deliver to counsel for defendant, Pitometer Associates, Inc., an Order marking the aforesaid judgment satisfied of record."

██ The Act of April 6, 1859, P.L. 381, § 1; 12 P.S. § 781 provides:

"From and after the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and receive interest upon such sum from the date of the verdict; and every general judgment entered upon such verdict, whether by a court of original jurisdiction, or by the supreme court, shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding: Provided, That nothing in this act contained shall prevent any court from directing special verdicts, or entering special judgments whenever the same shall be deemed just and proper." We have construed this Act to mean that "a bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest." *Dougherty v. Philadelphia Rapid Transit Company,* 58 Pa.Super. 574 (1914). Thus, an unsuccessful appeal taken by a losing party does not suspend the accrual of interest. *Koolvent Aluminum Awning Co. v. City of Pittsburgh,* 192 Pa.Super. 650, 162 A.2d 256 (1960). Indeed, we have held that under § 781 interest runs from the original verdict even when a plaintiff unsuccessfully appeals a verdict in his favor, although such action obviously delays final resolution of the case. *Kelly v. Redevelopment Authority of Allegheny County,* 411 Pa. 210, 191 A.2d 393 (1963); *Hoover v. Dotson,* 202 Pa.Super. 532, 198 A.2d 603 (1964). However, in granting such a plaintiff interest from the original verdict our Supreme Court in *Kelly, supra* specifically noted that (1) no court order enjoined defendant from satisfying the judgment as in *Watson v. McManus,* 223 Pa. 583, 72 A. 1066 (1909), (2) pending appellate court affirmance of the verdict defendant never tendered the amount due and had full use and benefit of it, and (3) "there [was] no suggestion that appellants have acted in other than *good faith* or with due dispatch in prosecuting their appeal. Under *these* circumstances, appellants [verdict winners below] should not be penalized for exercising their right to interest on the verdict." *Kelly,*

*supra,* 411 Pa. at 214, 191 A.2d at 395. (emphasis added). *See* Annot. 15 A.L.R.3rd 411.

One trial court has held that when an appellate court reduces the amount of the original verdict, interest shall run from the date of the original verdict. *Logue v. Potts Manufacturing Co.,* 4 D. & C.2d 143 (Cumberland C.P.1955). This holding is in line with the majority view. *See Litwilnowicz v. Weyerhaeuser,* 185 F.Supp. 692 (E.D.Pa.1960) (appellate court mandate for remittitur did not vacate but rather modified and partially affirmed the original judgment and hence under 28 U.S.C. § 1961 interest on the reduced judgment should run from the date of the original judgment); Annot. 4 A.L.R.3rd 1221. However, as one commentator has pointed out "[w]here reversal results in *retrial of damages . . .* it seems settled *that interest runs only from final judgment."* Note, "Interest On Judgments in the Federal Courts," 64 Yale L.J. 1019, 1046 (1955) (collecting cases and discussing state statutes on judgment interest) (emphasis added). Moreover, "[w]here the action of the appellate court ultimately effecting a reduction of the amount awarded has been regarded as a full reversal [of damages], wiping out the original judgment or decree, the view has been taken that interest should be computed only from the entry of the new judgment in the trial court on remand." 4 A.L.R.3rd *supra* at 1232. *See Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3d Cir. 1976) (when appellate order vacated original award of attorney fees there remained no predicate award on which to base interest and consequently attorneys were not entitled to interest from the original award). *But see Wagner v. Reading Co.,* 428 F.2d 289 (3d Cir. 1970) (interest under Federal Employer Liability Act on any award at new trial, which is limited to damages, runs from date of original judgment where delay in final assessment was caused by defendant's objection to improperly excluded evidence); *Mascuilli v. United States,* 383 F.Supp. 50 (E.D.Pa.1974) (in suit under Public Vessels Act, despite numerous remands for proper assessment of

damages, plaintiff is entitled to interest as of the day liability was determined).

The instant case is one of first impression under Pennsylvania law. However, from our review of the law of interest on verdicts and judgments, we have determined that the factors relevant to our determination include: (1) whether the party causing delay acted in good faith, (2) whether the new trial on damages was required because we considered the original verdict "wiped out," 4 A.L.R.3rd *supra,* and (3) whether the party causing the delay had the benefit and use of the verdict amount during the delay. After examining the particular circumstances of this case, we conclude that interest on the lesser verdict should not run from the date of the original verdict.

Our prior opinion in this case makes clear that the communication between appellee's attorney and a juror cast suspicion upon the integrity of the original jury verdict in its entirety. *Printed Terry, supra,* 247 Pa.Super. at 296, 372 A.2d at 470–72, citing *Mattox v. United States,* 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892); *California Fruit Exchange v. Henry,* 89 F.Supp. 580 (W.D.Pa.1950); *Mix v. North American Co.,* 209 Pa. 636, 59 A. 272 (1904). "The testimony demonstrate[d] that the incident involved more than an unavoidable and momentary courtesy, discreet in nature." *Printed Terry, supra,* 247 Pa.Super. at 300, 372 A.2d at 472. We remanded for a new trial on damages precisely because the intentional and suspicious behavior of appellee's attorney tainted the first verdict. At no time has appellee shown that the encounter was harmless by providing a satisfactory explanation. While recognizing that appellant has had full use and benefit of the smaller amount pending the outcome of the new trial on damages, we fail to see why, in fairness, appellee should have the benefit of interest running from the date of a verdict in which we had absolutely no confidence because of appellee's own attorney's actions. Because the conduct of appellee's attorney tainted and invalidated the original verdict in its entirety, the new and smaller jury verdict obtained on remand cannot be considered a "partial

affirmance" of the original verdict. Instead, the actions of appellee's attorney rendered the original verdict a nullity. Accordingly, we reverse the order of the lower court which added interest from the date of the original verdict.

Order reversed.