Beatrice A. CAWTHORNE, Appellant,

v.

ERIE INSURANCE GROUP, Appellee.

Superior Court of Pennsylvania.

Argued April 4, 2001.
Filed Aug. 24, 2001.

Eric D. Levin, Butler, for appellant.

Dara A. Decourcy, Pittsburgh, for appellee.

Before: DEL SOLE, President Judge, EAKIN and BROSKY, JJ.

DEL SOLE, President Judge:

¶ 1 This is an appeal from an order issued in a declaratory judgment action brought by Appellant seeking to determine the validity of a settlement agreement. We affirm.

¶ 2 Appellant suffered damages when her vehicle was struck by a vehicle driven by Paige A. Mays. Ms. Mays was insured by Appellee (Erie). In her complaint, Appellant alleges that by letter dated August 14, 1998, Erie offered to settle her claim for injuries for the limits of its policy, $15,000. Appellant further alleged that she accepted this offer and that this acceptance was confirmed by correspondence dated August 26, 1998, written to her own insurance company and copied to Erie. After the statute of limitations expired, Erie informed Appellant that it did not intend to honor any claim or past offer of settlement.

¶ 3 The trial court found that the settlement offer extended to Appellant on behalf of Erie was conditional and that Appellant failed to perform the conditions imposed upon her. It further ruled that Erie was authorized to retract the offer as it indicated in its letter. Accordingly the court found that no valid contract for settlement existed between Appellant and Erie.

¶ 4 After an examination of the record in this matter and in particular the correspondence, we conclude that Appellant never timely accepted Erie's offer and therefore a settlement agreement was never reached. The trial court correctly notes that the enforceability of settlement agreement is a matter to be determined according to the principles of contract law. *Yaros v. Trustees of the Univ. of PA.,* 742 A.2d 1118 (Pa.Super.1999). Basic contract law directs that in order to constitute a contract there must be an offer on one side and an acceptance on the other. Until

accepted in the mode and manner expressly provided by the terms of the offer, there remains an unaccepted offer which cannot, in itself, be considered a binding contract. *Franklin Interiors v. Wall of Fame Management Co.,* 510 Pa. 597, 511 A.2d 761 (1986).

¶ 5 The letter setting forth the offer by Erie states in part:

Please accept this letter as offering our insured's limits of her Auto Liability Policy of $15,000.00 to settle your claim for injuries sustained on the above-mentioned date in the accident involving our insured.

Attached to this letter you will find a General Release for $15,000.00 that will need your signature and dated. [sic] Along with that, we would need a letter from your automobile insurance carrier, Motorists Mutual, allowing you to sign the Release, releasing all subrogation rights against our insured and Erie Insurance.

\* \* \*

Please contact your own insurance carrier in order that they may forward a letter to me, along with signing and dating the General Release as soon as possible due to the fact that the two-year statute on this claim will be expiring as of November 12, 1998. Should the statute expire, you would not be entitled to any claim against our policy.

¶ 6 Thereafter, Appellant's counsel sent a letter dated August 26, 1998, to Appellant's insurer with a copy to Erie. It provides in relevant part:

Please be advised this office has been retained by [Appellant] with regard to the injuries she sustained in an automobile accident on November 12, 1996. In that regard, the original tortfeasor has offered policy limits of $15,000.00 through its insured, [sic] Erie Insurance, for full and final settlement of that claim. Obviously [Appellant] needs subrogation approval from Motorists Mutual Insurance before she can sign any Joint Tortfeasor Release and/or accept the $15,000.00 settlement proceeds. Would you be kind enough to review this matter and advise me of your company's position regarding approval?

Appellant never signed the release and the November 12, 1998, date passed without Appellant instituting an action against Ms. Mays within the two-year statute of limitations period.

¶ 7 The trial court found that the offer extended on behalf of Erie was conditioned upon the execution and return of a general release and the obtaining of a letter from Appellant's insurer. While a third party carrier has no right to require a subrogation release from the underinsurance carrier, because all subrogation rights would be extinguished by the signing of a general release, it is clear that Appellant failed to timely accept Erie's offer. Appellant never signed and returned the general release. In its letter, Erie specifically advised that its offer extended until November 12, 1998, after which date it would not honor Appellant's claims. For some inexplicable reason Appellant failed to sign the release and return it to Erie and she did not protect her rights by instituting a timely action against Erie's insured. This is not a case where Appellant was lulled into believing that Erie would keep open its offer indefinitely. The letter written on behalf of Erie clearly set forth conditions and a time frame which were not met by Appellant.

¶ 8 Thus, we conclude Appellant never accepted Erie's offer and no settlement agreement was ever reached. Erie was within its rights to retract its offer after the expiration of the November 12, 1998, deadline. For these reasons, we affirm

the trial court's ruling which found no valid settlement agreement existed between Appellant and Erie.

¶ 9 Order affirmed.