J-A24004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EUGENE P. LEONI, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY T. LEONI (AS THE EXECUTOR OF THE ESTATE OF EUGENE LEONI, SR.) AND MARIAN LEONI | |
| Appellants | No. 198 EDA 2014 |

Appeal from the Order Entered December 13, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 1989-01293

| | |
|---|---|
| EUGENE P. LEONI, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY T. LEONI (AS THE EXECUTOR OF THE ESTATE OF EUGENE LEONI, SR.) AND MARIAN LEONI | |
| Appellants | No. 199 EDA 2014 |

Appeal from the Order Entered December 13, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 1989-01293

J-A24004-14

| | |
|---|---|
| EUGENE P. LEONI, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY T. LEONI (AS THE EXECUTOR OF THE ESTATE OF EUGENE LEONI, SR.) AND MARIAN LEONI | |
| Appellants | No. 200 EDA 2014 |

Appeal from the Order Entered December 13, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 1989-01294

| | |
|---|---|
| EUGENE P. LEONI, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY T. LEONI (AS THE EXECUTOR OF THE ESTATE OF EUGENE LEONI, SR.) AND MARIAN LEONI | |
| Appellants | No. 201 EDA 2014 |

Appeal from the Order Entered December 13, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 1989-01294

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 19, 2015**

Appellants, Gregory T. Leoni (as the Executor of the Estate of Eugene Leoni, Sr.) and Marian Leoni, appeal from the orders entered in the

_____

*Retired Senior Judge assigned to the Superior Court.

- 2 -

Montgomery County Court of Common Pleas, denying their motion to compel distribution of escrow and termination of letters of credit and their separate motion to vacate the court's September 10, 2013 order that granted the petition of Appellee, Eugene P. Leoni, Jr., and assessed interest on previously awarded judgments. We affirm these orders and quash the appeal in part.

The relevant facts and procedural history of this appeal are as follows.

> In 1989, Dr. Eugene Leoni, Sr. and his wife, Marian Leoni, issued five confessed judgments in favor of three of their four children, Nanette, [Appellee] Eugene Jr. and [Appellant] Gregory, and against themselves as a plan to protect their assets from creditors. On January 25, 1989, the Judgments were entered in Montgomery County. These judgments included two in favor of [Appellee] in the amounts of $375,000.00 and $215,000.00, docketed as 89-01293 and 89-01294…. The Judgments were revived once on [April 19, 1995]. Dr. Leoni died on August 18, 2006 and Gregory Leoni was named executor of his estate.
>
> On November 1, 2006, [Appellee] filed *praecipes* for writs of revival of the Judgments. These writs included a request to record the Judgments in the judgment index, which created liens against [Appellants'] real property located in Montgomery County.[1] [Appellants] opposed the revival of the judgments.
>
> [1] Pursuant to 42 Pa.C.S. § 4303(a) which states:
>
>> Real property.—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of the court of

> common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

and Pa.R.C.P. 3023(a) which states:

> Except as provided by subdivision (b), a judgment when entered in the judgment index shall create a lien on real property located in the county, title to which at the time of entry is recorded in the name of the person against whom the judgment is entered.

A bench trial was held before the [trial court] on April 27, 2010 regarding the revival of the Judgments. On May 4, 2010, [the trial court] entered a Decision that revived the Judgments in favor of [Appellee] and against [Appellants] in the amounts of $375,000.00 and $215,000.00. [Appellants] appealed that Decision to the Superior Court on September 30, 2010. [Appellants] posted two Irrevocable Standby Letters of Credit on November 17, 2010 as security in the amounts of $450,000.00 in the case under docket number 1989-01293 and $258,000.00 in the case under docket number 1989-01294 during the pendency of the appeal pursuant to Pa.R.A.P. 1731 and 1734.[2] On January 18, 2012, the Superior Court…affirmed [the trial court's] Decision and the resulting Judgments…. The Superior Court denied [Appellants'] request for reargument. [Appellants'] Petitions for Allowance of Appeal…were denied…. The case was remanded…back to [the trial] court on December 4, 2012.

> [2] These numbers represent 120% of the Judgment amounts pursuant to Pa.R.A.P. 1731(a) which states:
>
> > Except as provided by subdivision (b), an appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a *supersedeas* upon the filing with the clerk of the [trial] court of appropriate security in the amount of 120% of the amount found due by the [trial] court and remaining unpaid. Where

the amount is payable over a period of time, the amount found due for the purposes of this rule shall be the aggregate amount payable within 18 months after entry of the order.

On January 3, 2013, [Appellee] filed a Motion to have Prothonotary Direct Bank to Draw Down Irrevocable Standby Letters of Credit in favor of [Appellee] pursuant to Pa.R.A.P. 1734. On March 20, 2013, [the trial] court granted [Appellee's] Motion and directed the Prothonotary to collect the Irrevocable Standby Letters of Credit in the aggregate amount of $708,000.00 and distribute same to [Appellee]. On May 20, 2013, [Appellants] filed an Emergency Motion to Stay Draw Down on Irrevocable Standby Letters of Credit, claiming [Appellee was] not entitled to the entire amount of the Standby Letters of Credit, but solely the principal aggregate amount of the Judgments equaling $590,000.00, without interest. On May 23, 2013, the [trial court] ordered [Appellants] to file a legal memorandum on the issue of whether [Appellee] was entitled to interest on the Judgments. On May 30, 2013, [the trial] court ordered the immediate disbursement of $590,000.00, said sum representing the undisputed principal of the two Judgments. The principal of the Judgments was paid to [Appellee] on June 18, 2013.

On August 5, 2013, [Appellee] filed a Petition to Assess Interest from January 25, 1989 on the two Judgments totaling $849,600.00. On September 10, 2013, … [the trial] court granted said petition and assessed interest on the Judgments in the amount of $849,600.00.

On September 16, 2013, [Appellants] filed a Motion to Vacate Order of September 10, 2013….[1] On September

---

[1] In their motion, Appellants asserted Appellee "filed the instant Petition to Assess Interest, notwithstanding the fact that the issue of interest was the subject of [Appellants'] previously filed Emergency Motion to Stay Draw Down on Irrevocable Standby Letters of Credit, and on which the parties had already submitted legal memoranda pursuant to the [trial court's] Order of May 23, 2013." (Motion to Vacate, filed 9/16/13, at 3; R.R. at 190a). Appellants argued the trial court "has since never ruled on the issue of

*(Footnote Continued Next Page)*

18, 2013, the court stayed its order of September 10, 2013 and scheduled argument on the Motion to Vacate. On October 15, 2013, [Appellants] filed a Motion to Compel the Distribution of Escrow and Termination of Letters of Credit…seeking the court to order (1) [Appellee] and his assignee[3] to enter satisfactions of the Judgments; (2) [Appellee] and his assignee to pay the Estate of Marian E. Leoni the sum of $5,900.00 (1% of $590,000.00) for each day that the satisfactions have not been entered since July 18, 2013; (3) the proceeds held in escrow by City Line Abstract Company be distributed immediately to Gregory T. Leoni and Nanette G. Leoni;[2] and (4) the letters of credit issued by Ambler Savings Bank immediately be terminated and cancelled.

> [3] On September 25, 2013, [Appellee] assigned his rights, title and interest in the Judgments to SJL, 3 LLC, a Delaware limited liability company.

On December 1[3], 2013, the court entered an order which denied [Appellants'] Motion to Vacate and [Appellants'] Motion to Compel.

(Trial Court Opinion, filed April 8, 2014, at 1-4).

On January 9, 2014, Appellants timely filed two (2) notices of appeal from the orders entered at docket No. 1293 of 1989. One notice of appeal pertained to the order denying Appellants' motion to vacate, and the second

_(Footnote Continued)_ ───────────────

interest since this component of [Appellants'] Emergency Motion has never been listed for argument or hearing." (**Id.** at 2; R.R. at 189a).

[2] The funds held in escrow by City Line Abstract Company represented the proceeds of a transaction where the Marian E. Leoni Trust and the Eugene P. Leoni, Sr. Family Trust sold certain real property to Appellee. The parties disputed whether the court's September 10, 2013 order created a lien on the property. Consequently, the parties "agreed to cause the liens, if any, of the Judgments and the September 10 Order to be released from the Property and any such liens shall attach to the Escrow Fund…." (Motion to Compel, filed 10/15/13, at 2; R.R. at 319a).

notice of appeal pertained to the order denying Appellants' motion to compel. That same day, Appellants filed two (2) notices of appeal from the orders entered at docket No. 1294 of 1989, pertaining to the denial of the same motions. On January 13, 2014, the court ordered Appellants to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellants timely filed a Rule 1925(b) statement on January 31, 2014. This Court consolidated the appeals *sua sponte* on March 12, 2014.

Appellants raise the following issues for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO VACATE ORDER OF SEPTEMBER 10, 2013[?]
>
> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO COMPEL THE DISTRIBUTION OF [ESCROW AND] TERMINATION OF LETTERS OF CREDIT[?]
>
> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO VACATE ORDER OF SEPTEMBER 10, 2013 WITHOUT AN EVIDENTIARY HEARING[?]
>
> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO COMPEL THE DISTRIBUTION OF ESCROW AND TERMINATION OF LETTERS OF CREDIT WITHOUT AN EVIDENTIARY HEARING[?]
>
> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO VACATE ORDER OF SEPTEMBER 10, 2013 AND MOTION TO COMPEL THE DISTRIBUTION OF ESCROW AND TERMINATION OF

LETTERS OF CREDIT SINCE THE LIENS OF THE JUDGMENTS OF [APPELLEE] WERE EXTINGUISHED WHEN THEY WERE PAID IN FULL AND SHOULD HAVE BEEN MARKED SATISFIED[?]

WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO VACATE ORDER OF SEPTEMBER 10, 2013 AND MOTION TO COMPEL THE DISTRIBUTION OF ESCROW AND TERMINATION OF LETTERS OF CREDIT SINCE [APPELLEE'S] JUDGMENTS CANNOT BE AMENDED AFTER THEY HAVE BEEN PAID IN FULL[?]

WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN DENYING [APPELLANTS'] MOTION TO VACATE ORDER OF SEPTEMBER 10, 2013 AND MOTION TO COMPEL THE DISTRIBUTION OF ESCROW AND TERMINATION OF LETTERS OF CREDIT SINCE THE LIENS OF THE JUDGMENTS IN FAVOR OF GREGORY AND NANETTE WERE SUPERIOR TO ANY PURPORTED LIENS CLAIMED BY [APPELLEE?]

(Appellants' Brief at 4). Appellants' statement of questions involved, however, does **not** correspond to the argument section of their brief. The argument section is divided into six parts, addressing four distinct concerns: 1) whether the court erroneously refused to conduct oral argument on certain filings; 2) whether the parties entered into a settlement agreement in May 2013, whereby Appellants satisfied the judgments in favor of Appellee by making a single payment of $590,000.00; 3) whether there is a basis for the court to assess interest on the judgments; and 4) regarding the funds held in escrow by City Line Abstract, whether the liens in favor of Gregory and Nanette Leoni are superior to the liens in favor of Appellee.

Consequently, we will consider these four distinct arguments in the same order and as they appear in the body of Appellants' brief.

In their first issue, Appellants complain the court denied them the opportunity to present oral argument on their motion to compel distribution and motion to vacate the order assessing interest on the judgments, even though they timely requested argument. Citing Pa.R.C.P. 211, Appellants insist they have the right to argue their motions. Appellants maintain, "The presentation of issues and the resulting development of the record would have assisted" the trial and appellate courts. (Appellants' Brief at 17). Appellants conclude the court committed reversible error by denying their motions without oral argument. We disagree.

"[T]he interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law." **Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity**, 32 A.3d 800, 808 (Pa.Super. 2011), *affirmed*, ___ Pa. ___, 91 A.3d 680 (2014) (quoting **Boatin v. Miller**, 955 A.2d 424, 427 (Pa.Super. 2008)). "Accordingly, to the extent that we are required to interpret a rule of civil procedure, 'our standard of review is *de novo*, and our scope of review is plenary.'" **Barrick, supra** (quoting **Boatin, supra** at 427).

Pennsylvania Rule of Civil Procedure 211 governs requests for oral argument as follows:

**Rule 211.  Oral Arguments**

- 9 -

Any party or the party's attorney shall have the right to argue any motion and the court shall have the right to require oral argument. With the approval of the court, oral argument may be dispensed with by agreement of the attorneys and the matter submitted to the court either on the papers filed of record, or on such briefs as may be filed by the parties. The person seeking the order applied for shall argue first and may also argue in reply, but such reply shall be limited to answering arguments advanced by the respondent. In matters where there may be more than one respondent, the order of argument by the respondents shall be as directed by the court.

Pa.R.C.P. 211.

Rule 211 gives every party or his attorney a **qualified** right to make an oral argument on any motion. The court by local rule may regulate the length of time of such arguments. **In a given case the local court may also dispense with oral argument if it so desires and dispose of the case on the record or upon briefs.**

\*   \*   \*

Since motions may be of numerous varieties, with many degrees of supporting data (or lack of it), discretion must lie with the trial judge to determine whether issues are raised which can best be resolved by briefs and/or oral arguments.

***Gerace v. Holmes Protection of Phila.***, 516 A.2d 354, 359 (Pa.Super. 1986), *appeal denied*, 515 Pa. 580, 527 A.2d 541 (1987) (internal citations omitted) (emphasis in original).

Instantly, Appellants concede the court allowed and received argument on their motion to vacate the order of September 10, 2013. (**See** Appellants' Brief at 12.) Regarding Appellants' motion to compel distribution, Appellants filed the motion on October 15, 2013. The motion

included a cover sheet with a specific request for oral argument as well as numerous exhibits in support of Appellants' claims. Further, Appellants' claims in the motion to compel distribution overlapped with the issues raised in their motion to vacate the order of September 10, 2013. On December 2, 2013, Appellee filed a response in opposition to the motion to compel distribution, including a memorandum of law addressing Appellants' claims.

Here, the court had an extensive record of filings, memoranda, and exhibits to dispose of the claims in Appellants' motion to compel distribution. Therefore, the court found it could resolve Appellants' motion to compel without conducting oral argument. **See Gerace, supra** (holding plaintiffs did not suffer prejudice due to court's denial of oral argument prior to grant of defendant's summary judgment motion; parties had submitted extensive depositions and affidavits, providing court with ample record of facts, allegations, and legal positions at issue). Consequently, Appellants are not entitled to relief on their first argument.

In their second dispute, Appellants assert the parties entered into a settlement agreement on May 15, 2013. Pursuant to the terms of the agreement, Appellants agreed to pay, and Appellee purportedly agreed to accept, $590,000.00 on or before May 20, 2013. Appellants further contend Appellee was supposed to file orders to satisfy the judgments upon receipt of the payment. Appellants insist the payment of $590,000.00 to Appellee satisfied the judgments in full, and Appellee should have marked the

judgments as satisfied. Because Appellee failed to file the requisite satisfactions, Appellants claim they are now entitled to liquidated damages. On this basis, Appellants conclude the trial court should have ordered Appellee to mark the judgments as satisfied and awarded Appellants damages. We disagree.

"[T]he enforceability of settlement agreement is a matter to be determined according to the principles of contract law." **Cawthorne v. Erie Ins. Group**, 782 A.2d 1037, 1038 (Pa.Super. 2001). "Basic contract law directs that in order to constitute a contract there must be an offer on one side and an acceptance on the other." **Id.** "Until accepted in the mode and manner expressly provided by the terms of the offer, there remains an unaccepted offer which cannot, in itself, be considered a binding contract." **Id.** at 1038-39.

Instantly, Appellants attempted to prove the existence of a settlement agreement by submitting a series of emails between counsel. In the first email, sent at 1:01 p.m. on May 15, 2013, Appellants' counsel stated:

> As discussed, here are the Orders to Satisfy the judgments captioned at Docket Nos. 1989-01293 ($375,000) and 1989-01294 ($215,000). This will confirm that you will be signing these and filing them of record upon receipt of the Estate's check in the amount of $590,000, which you asked to be in one check. We are making arrangements accordingly, with the hope of forwarding the check on or before May 20, 2013.

\* \* \*

(*See* Emergency Motion to Stay Draw Down, filed 5/20/13, at Exhibit E; R.R. at 99a.)

> At 1:12 p.m., Appellee's counsel responded:
>
> I will file Orders once the funds have cleared. The filing will take place within one day of the funds clearing. Our paralegals do this routinely. If there is any delay with the check, let me know. Once the check has cleared, I will advise you and [the accountant] in writing.

(*Id.*) At 3:39 p.m., Appellee's counsel added:

> I do want to be clear and clarify my prior email[.] [Appellee] will always reserve all his rights to the interest component that he is entitled to under the judgments. I checked [the trial court's] opinions, as we briefly discussed, and, at first read, they appear to be silent on the issue. That is the primary reason we would be drafting and filing the appropriate Orders to reflect the payments. Our filed Orders will reflect the payments received and reserve our rights with respect to interest.

(*Id.*) Appellants' counsel concluded the email exchange at 7:48 p.m., stating: "Left you a voicemail. To be clear—if the judgments are not satisfied upon payment we will seek to recover statutory liquidated damages." (*Id.*)

Here, Appellee's counsel did not expressly accept Appellants' "offer" to resolve the matter with one payment of $590,000.00. Appellee's counsel specifically sought to reserve his client's right to pursue interest on the judgments. On this record, Appellants failed to demonstrate an enforceable settlement agreement, and they are not entitled to relief on their second topic. *See Cawthorne, supra*.

In their third argument, Appellants rely on Appellee's counsel's statements from the 2010 bench trial to support their assertion that Appellee waived any claim to interest on the judgments. Appellants contend Appellee sought only to revive the existing judgments from 1995, and counsel's cursory mention of interest amounted to an "afterthought" that could not have preserved Appellee's rights. Further, Appellants complain the court erroneously determined that post-judgment interest is a matter of procedure, and that it automatically accrues. Appellants insist Appellee needed to include a separate claim for post-judgment interest in his writs of revival. Appellants maintain that interest was not a component of the judgments or the writs of revival; thus, Appellee was entitled to the face amount of the judgments without an award of interest. Moreover, Appellants argue that Appellee has already received a payment of $590,000.00, representing the entire amount of the judgments, and the court could not amend the judgments after Appellants provided full payment. Appellants conclude the court should not have awarded post-judgment interest to Appellee. We disagree.

Whether a trial court erred in awarding post-judgment interest presents a question of law; our standard of review is *de novo* and our scope of review is plenary. **Hutchison ex rel. Hutchison v. Luddy**, 946 A.2d 744 (Pa.Super. 2008). The Judicial Code governs the imposition of interest on judgments as follows:

**§ 8101. Interest on judgments**

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S.A. § 8101. "Judgments bear interest from the time obtained until…satisfaction [is] made." *Koolvent Aluminum Awning Co. of Pittsburgh v. City of Pittsburgh*, 162 A.2d 256, 257 (Pa.Super. 1960). "It is as distinctly a substantive part of the debt as if the obligation to pay it was founded on a contract for interest." *Id.*

"Post-judgment interest does not serve to compensate the plaintiff for any damages…." *Lockley v. CSX Transp. Inc.*, 66 A.3d 322, 327 (Pa.Super. 2013), *appeal denied*, 621 Pa. 667, 74 A.3d 127 (2013).

Rather, [p]ost[-]judgment interest serves two important functions—it compensates the judgment creditor for the loss of use of the money until the judgment is paid and it acts as an incentive for the judgment debtor to pay the judgment promptly.

Additionally, we note that three federal circuits have viewed post-judgment interest as procedural. The United States Court of Appeals for the Fifth Circuit best explained the characterization as follows.

Post[-]judgment interest has a substantive characteristic because the applicable rate of interest and rules of accrual can increase or decrease the amount of a monetary award. But post[-]judgment interest is better characterized as procedural because it confers no right in and of itself. Rather, it merely follows and operates on the substance of determined rights. Post[-]judgment interest is designed to compensate a successful plaintiff for the

> time between his entitlement to damages and the actual payment of those damages by the defendant.
>
> \* \* \*
>
> Based on the above considerations, we conclude that post-judgment interest is a method by which rights…are enforced." We therefore agree…that post-judgment interest is properly characterized as a matter of procedure, rather than one of substantive law.

*Id.* (internal citations, quotation marks, and footnote omitted).

Instantly, Dr. Leoni issued the two judgments in favor of Appellee, totaling $590,000.00, on January 25, 1989. Dr. Leoni filed writs of revival in 1995. Appellee filed the current writ-of-revival actions on November 1, 2006. Significantly, Appellee's *praecipes* for writ of revival for both judgments requested the principal amounts "with interest from January 25, 1989." (*See* Appellee's Petition to Assess Interest and Authorize Distribution, filed 8/5/13, at Exhibit C; R.R. at 167a, 170a.)

The matter proceeded to a bench trial where Appellee's counsel reiterated the demand for interest: "[W]hatever entitlement that [Appellee] would have to interest[,] he would continue to have those rights, whatever those rights may be." (*See* Emergency Motion to Stay Draw Down at Exhibit A; R.R. at 90a.) When viewed in context, we cannot agree with Appellants' characterization of counsel's statement as an "afterthought." We conclude Appellee's actions throughout the proceedings made clear his right to post-judgment interest.

Subsequently, the court found Appellee was entitled "to the immediate

payment of the undisputed $590,000.00….” (**See** Order, dated 5/30/13, at 1; R.R. at 116a). The court added, “Nothing in this Order adjudicates any of the parties’ claims with regard to post-judgment interest or any right to have the judgments marked as satisfied.” (**Id.**) In a separate order, dated May 23, 2013, the court directed Appellants to file a memorandum on the issue of post-judgment interest. On August 5, 2013, Appellee filed his petition to assess interest and authorize distribution. Pursuant to Section 8101, Appellee argued that interest on the judgments had accrued since January 25, 1989, at six percent (6%) per year, until the court’s May 23, 2013 order. Appellee concluded Appellants owed $849,600.00 in interest on the judgments. Ultimately, the court granted Appellee’s petition to assess interest and awarded him $849,600.00 in interest.

Contrary to Appellants’ argument, the payment of the undisputed $590,000.00 did not satisfy their obligation to Appellee. Appellee properly pursued post-judgment interest to compensate him “for the time between his entitlement to damages and the actual payment of those damages” by Appellants. **See Lockley, supra**. On this record, the court committed no error of law in awarding post-judgment interest to Appellee, and Appellants are not entitled to relief on this claim. **See Hutchison, supra**.

In their fourth and last argument on appeal, regarding the priority of the parties’ liens against certain funds held in escrow by City Line Abstract, Appellants contend the liens in favor of Gregory and Nanette Leoni are

superior to any liens claimed by Appellee. Appellants insist their act of posting security, in the form of the irrevocable standby letters of credit, discharged the liens in favor of Appellee. Additionally, Appellants maintain Gregory and Nanette Leoni revived their own liens in 2012, thereby elevating the priority of their liens over the liens of Appellee. On this basis, Appellants conclude the court should have granted their motion to compel distribution of escrow and termination of letters of credit. We decline to address the merits of Appellants' argument at this time.

As a prefatory matter, we note:

> **Rule 341. Final Orders; Generally**
>
> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) is expressly defined as a final order by statute; or
>
> (3) is entered as a final order pursuant to subdivision (c) of this rule.

Pa.R.A.P. 341(a), (b).

Instantly, the trial court evaluated this issue as follows:

> The parties' respective claims regarding proceeds held in escrow by City Line Abstract [have] not been adjudicated by [the trial] court…. Both parties agree this issue is not ripe and has not been adjudicated as reflected by paragraph 14 of [Appellee's] Motion to Authorize the

- 18 -

Distribution of an Escrow Fund filed on February 26, 2014 and paragraph 14 of [Appellants'] answer to said motion filed on March 11, 2014. There has been no evidence proffered as to any judgments in favor of Nanette or Gregory, or the liens that they created. Likewise, there has been no evidence of record regarding the sale of any of [Appellants'] property. This matter was first raised in the Motion to Compel, which was combined with requested relief regarding the Judgments and the interest thereon.

(*See* Trial Court Opinion at 8) (internal footnotes omitted). Our review of the record confirms the court's assertions.[3] Moreover, the escrowed funds relate to a real estate transaction involving Appellee and various family trusts which are not parties to the current appeal. Issues concerning the escrowed funds are, at best, tangential to Appellants' claims regarding the award of post-judgment interest to Appellee. For these reasons, we quash the portion of the appeal relating to the escrowed funds. *See* Pa.R.A.P. 341.

Accordingly, we affirm the orders denying Appellants' motion to compel and separate motion to vacate. We quash that portion of the appeal as it relates to the priorities of liens on the City Line Abstract escrow funds.

Orders affirmed; appeal quashed in part.

_____

[3] In Appellee's Motion to Authorize the Distribution of an Escrow Fund, he stated: "The December 1[3], 2013 Orders did not facially adjudicate the parties' entitlement to the Escrow with City Line Abstract." (*See* Motion, filed 2/26/14, at 4; R.R. at 428a.) In Appellants' answer, they also conceded: "The Order denying the Motion to Compel the Distribution of Escrow and Termination of Letters of Credit did not adjudicate the issue with respect to the balance of the escrow with City Line Abstract." (*See* Answer, filed 3/11/14, at 5; R.R. at 460a.)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015